188 P.3d 724 (2008)
STATE of Hawai`i, Respondent/Plaintiff-Appellee
v.
Andrew K. KAMANA`O, Petitioner/Defendant-Appellant.
No. 28236.
Supreme Court of Hawai`i.
July 23, 2008.
Mary Ann Barnard, Honolulu, for petitioner/defendant-appellant.
Donn R. Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, for respondent/plaintiff-appellee.
NAKAYAMA, ACOBA, and DUFFY, JJ.; and MOON, C.J., and LEVINSON, J., Dissenting.
Opinion of the Court by ACOBA, J.
Petitioner/Defendant-Appellant Andrew K. Kamana`o (Petitioner) seeks review of the judgment of the Intermediate Court of Appeals (the ICA) filed on January 3, 2008, *725 pursuant to its December 13, 2007 Summary Disposition Order (SDO)[1] affirming the October 16, 2006 amended judgment of the first circuit court[2] (the court) convicting Petitioner of two counts of rape in the first degree, Hawai`i Revised Statutes (HRS) § 707-730(1)(a)(i) (1985) (Counts VI and IX); and one count of sodomy in the first degree, HRS § 707-733(1)(a)(i) (1985) (Count XI). The appeal to the ICA was from the court's sentence of Petitioner to twenty years of imprisonment for each count, with a mandatory minimum term of five years on each count as a repeat offender, with the terms of imprisonment for Counts IX and XI to run concurrently with each other and consecutively to Count VI, with credit for time served.[3]
We hold that the ICA did not gravely err in affirming the court's judgment because in Petitioner's case (1) under HRS § 706-606.5 (1985),[4] mandatory minimum sentences must be imposed under specified conditions; (2) pursuant to HRS § 706-606.5, the court may run mandatory minimum sentences consecutively for multiple offenses; (3) mandatory minimum sentences imposed on repeat offenders pursuant to HRS § 706-606.5 are part of indeterminate maximum sentences; (4) HRS § 706-668 (Special Pamphlet 1975)[5] requires that multiple sentences imposed by the court shall be served concurrently; (5) HRS § 706-606.5 does not conflict with HRS § 706-668 because the language of the latter may be construed as prohibiting consecutive term sentencing where multiple sentences of imprisonment are imposed at the same time, except that in certain situations such as those contemplated by the repeat offender provisions of HRS § 706-606.5, consecutive term sentencing is permitted; (6) assuming arguendo a conflict between HRS § 706-606.5 and HRS § 706-668 exists, repeat offenders must be sentenced in accordance with HRS § 706-606.5 because a specific statute controls over a general statute concerning a common matter; and (7) inasmuch as Petitioner was sentenced under HRS § 706-606.5 within the parameters described above, Petitioner's consecutive indeterminate maximum sentences do not constitute a violation of the due process and ex post facto provisions of the federal and Hawai`i constitutions.

I.
The following matters, some verbatim, are from the application.
Petitioner was convicted on October 13, 1983 of, inter alia, three Class A felonies. As Petitioner states in his application,
[o]n February 18, 1982[,] the [g]rand [j]ury indicted [Petitioner] for 14 counts, including three Class A felony sexual assault charges and three burglary charges. The incidents giving rise to the charges occurred on September 16, 18, and 29, 1981. On October 13, 1983[, Petitioner] was convicted by a jury of the three counts that are the subject of this appeal, two counts of rape in the first degree in violation of HRS § 707-730, and one count of sodomy in the first degree in violation of HRS § 707-733. All three counts were Class A felonies, requiring a maximum indeterminate prison sentence of 20 years under HRS § 706-659.[[6]] State v. Kamana`o, 103 Hawai`i 315, 82 P.3d 401 (2003).
(Emphasis added.)
This sentence was subsequently vacated and in April 2004, Petitioner was sentenced *726 to an extended term. As Petitioner alleges in his application,
[his] first sentence was vacated by the [s]upreme [c]ourt based upon a Fifth Amendment violation claim that he was sentenced to an extended term solely on the grounds that he refused to admit guilt. [Kamana`o], 103 Hawai`i [at] 324, 82 P.3d at 410.
Resentencing hearings were held on April 21 and 23, 2004. The [c]ourt granted. . . [the] motion for an extended term [filed by Respondent/Plaintiff-Appellee State of Hawai`i (Respondent)] under findings other than [Petitioner's] refusal to admit guilt, including psychological harm caused.
On June 21, 2006, the Hawai`i United States district court vacated the extended term sentence under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Petitioner's application states that:
The April 2004 sentences were vacated by the United States District Court of the District of Hawai`i on June 21, 2006 under [Apprendi], the "Apprendi rule," and its progeny. [Petitioner's] extended term sentence of life imprisonment with the possibility of parole ([as a multiple offender pursuant to HRS § 706-662(4)(a) & (b)]) was ruled to have been imposed in violation of the Sixth Amendment to the United States Constitution's right to a trial by jury.
As recounted by Petitioner, at resentencing, the court adjudged that the rape convictions would be served concurrently, but that the sodomy conviction would run consecutively to the rape convictions.
On October 6, 2006[, Petitioner] was resentenced as to Counts 6, 9, and 11, the three Class A counts. The [c]ourt resentenced [Petitioner] to mixed concurrent and consecutive terms, i.e., concurrent 20-year terms as to counts 9 (rape in the first degree) and 11 (sodomy in the first degree), to be served consecutive to a 20-year term as to count 6 (rape in the first degree), with credit for time served.
(Emphasis added.) As noted previously, the court also imposed mandatory minimum sentences of five years, for each of Counts VI, IX and XI, based on Petitioner's status as a repeat offender pursuant to HRS § 706-606.5.[7]
*727 The court's October 16, 2006 amended judgment[8] stated as follows:
MANDATORY MINIMUM: FIVE (5) YEARS FOR Counts VI, IX and XI as a Repeat Offender

INCARCERATION:
TWENTY (20) YEARS for each of COUNTS VI, IX and XI.
COUNTS IX AND XI to run concurrently with each other but consecutively to COUNT VI.
Said terms are to run concurrently with Cr. No. 52291.
Defendant is to receive credit for time already served. Mittimus to issue forthwith
OTHER: DEFENDANT IS SENTENCED PURSUANT TO ORDER OF THE U.S. DISTRICT COURT (CIV. NO. 05-00681 SOM-KSC) FILED JUNE 22, 2006.
(Counts I and II: Severed)
[(]Counts IV, V and XIII: Dismissed)
[(]Counts III, VII, VIII, X, XII and XIV: Terms of incarceration have been completed)
Defendant shall provide specimen samples and print impressions as required by H.R.S. Chap. 844D
(Emphases added.) (Capitalization in original.)
The seeming conflict between the concurrent sentencing ordered by the court pursuant to HRS § 706-668[9] and the consecutive sentencing permitted by HRS § 706-606.5 and also ordered by the court was the apparent dispute at sentencing between the parties. Petitioner states that "in a[n SDO] issued on December 13, 2007[,]" "the ICA. . . affirmed the mixed concurrent and consecutive sentence[.]" The SDO states with respect to the questions raised as follows:
(1) The circuit court was not statutorily barred from imposing consecutive terms. Consecutive terms were authorized by HRS § 706-606.5(1) and (3), as amended in 1981.
(2) Imposition of consecutive sentences was pursuant to HRS § 706-606.5(1) and (3) and was not in violation of federal due process or ex post facto. HRS § 706-606.5(1) and (3) provided adequate notice. See State v. Vinge, 81 Hawai`i 309, 321, 916 P.2d 1210, 1222 (1996).
(3) The consecutive terms were not inconsistent with the District Court's order or Apprendi. State v. Kahapea, 111 Hawai`i 267, 141 P.3d 440 (2006).
SDO at 5.

II.
Petitioner presents the following questions in his Application.

*728 1. Did the ICA gravely err in holding that the pertinent repeat offender statute, HRS § 706-606.5(1) and (3), permitted consecutive maximum terms when the plain meaning of that provision is that it only provides for consecutive mandatory minimum terms for repeat offenders, and not for consecutive maximum terms?
2. Did the ICA gravely err in upholding a new judicial construction that allows consecutive maximum term sentencing, which was expressly forbidden under the law in effect at the time of the commission of the offenses, as a violation the due process and ex post facto provisions of the federal and Hawai`i constitutions?
Petitioner does not present argument with respect to paragraph (3) of the ICA's SDO pertaining to Apprendi, and, thus, that holding is not discussed. Cf. Hill v. Inouye, 90 Hawai`i 76, 82, 976 P.2d 390, 396 (1998) ("The general rule provides that `[i]ssues not properly raised on appeal will be deemed to be waived.'" (Quoting Pele Def. Fund v. Paty, 73 Haw. 578, 613, 837 P.2d 1247, 1268 (1992).) (Brackets in original.))

III.
On February 12, 2008, Respondent filed a response to the Application. Essentially the response reiterates its Answering Brief arguments. See infra. It repeats Respondent's position that
[(1)] The "mandatory minimum periods of imprisonment" proscribed in HRS § 706-606.5 were part of the statutorily mandated indeterminate terms of imprisonment for the enumerated crimes and not sentences unto themselves. See State v. Feliciano, 107 Hawai`i 469, 503, 115 P.3d 648, 682 (2005) (Acoba, J., dissenting). Therefore, the "sentences" referred to in HRS § 706-606.5(3) that could result from the application of the statute were the "enhanced criminal sentences" that consisted of the indeterminate terms of imprisonment for the underlying crime and the "mandatory minimum period of imprisonment" that directed "how a certain period of the indeterminate term was to be served." [Id.]
. . . .
[(2)] . . . [T]he [court's] authority to order Petitioner to serve the sentences consecutively derived from the clear and unambiguous language of HRS § 706-606.5.. . .
. . . .
[(3)] . . . [A]s far back as his original sentencing hearing in 1984, the precedent regarding statutory construction was well settled and made the imposition of consecutive sentences pursuant to HRS § 706-606.5 foreseeable[ ] . . . [and, thus Petitioner] does not demonstrate the . . . consecutive sentences [were] without "fair warning" or a "judicial expansion of his penal liability."
(Brackets and footnote omitted.) (Emphasis in original.)

IV.

A.
As to his first question, Petitioner argues that "[w]ith no explanation of its reasoning, the ICA held that the repeat offender statute applicable to the offenses in 1981, HRS § 706-606.5[,] gave the [c]ourt authority to impose consecutive maximum terms, despite the fact that the multiple term statute in effect in 1981 authorized only concurrent maximum[s]. HRS § 706-668." He maintains that "[t]his is a grave error of law that is inconsistent [with] Hawai`i Supreme Court holdings requiring strict adherence to plain and unambiguous meaning in Penal Code language."
Petitioner states that HRS §§ 701-101, 706-668(1) and 706-606.5 are relevant. With respect to HRS § 701-101,[10] he argues that *729 "HRS § 701-101 . . . mandates that the penal statutes applicable to prosecutions for offenses are those in effect at the time of the commission of the offenses (in this case September of 1981)[.]" As to HRS § 706-668(1), he declares that "HRS § 706-668(1) . . . in September 1981 mandated that multiple terms of imprisonment must be concurrent."[11] Petitioner relates, to reiterate, that in 1981, HRS § 706-606.5, the repeat offender statute, stated in pertinent part that "[t]he sentencing court may impose the above [mandatory minimum] sentences consecutive to any other sentence then . . . imposed on the defendant. . . ."[12] Petitioner recounts that "[o]n direct appeal, [Respondent] argued the `notwithstanding' clause of the repeat offender statute cancelled HRS § 701-101 and § 706-668, granting consecutive maximum term powers to the sentencing court."
However, Petitioner maintains (1) that "[t]he plain and obvious meaning of this statute[, HRS § 706-606.5,] relative to consecutive sentencing is that it refers entirely and only to consecutive mandatory minimum term sentencing and in no way addresses the subject matter of consecutive maximum term sentencing." According to Petitioner, "[t]he phrase `above sentences' in subsection (3) [of HRS § 706-606.5] is clear because the only sentences addressed above that language are mandatory minimum term sentences." (Emphasis in original.) Petitioner contends that "ironically" "[t]he [c]ourt, and presumably the . . . ICA[, without saying so,] relied upon State v. Cornelio, 84 Hawai`i 476, 935 P.2d 1021 (1997), and State v. Dudoit, 90 Hawai`i 262, 978 P.2d 700 (1999)[,]" and that "[t]hose cases, with holdings entirely unrelated to the instant case, both stand for strict application of the plain meaning rule." Thus, Petitioner posits that, "[i]n other words, it doesn't matter that the legislature failed miserably in carrying its intention into effect, the reviewing court must adhere to the plain and unambiguous meaning of the actual language of the statute. See, generally, [Dudoit], [supra]."
Further, Petitioner contends (2) "as a matter of law . . . concurrent maximum terms do not contradict consecutive minimum terms." (Boldfaced font omitted.) Pointing to the instant case, he argues:
The HRS § 706-668 bar to consecutive sentencing in multiple count indictments would not stop the sentencing court from sentencing [Petitioner] to 4 consecutive 5-year mandatory minimum terms, requiring him to serve the entire 20 year maximum without possibility of parole. The fact that 4 consecutive mandatory minimum sentences in [Petitioner's] case would have led to a mandatory 20 out of 20 years, in fact is the exact amount of time without parole the prosecutor requested at the initial sentencing hearing in 1984. The prosecutor said, ". . . if there could be some [guarantee] that he would be out of the community for that 20 years, then [Respondent] might consider asking for the 20 *730 years." [Kamanao], 103 Hawai`i [at] 317, 82 P.3d [at] 403.
(Emphasis added.) According to Petitioner, this is because
[w]here the statutes simply overlap in their application, effect will be given to both if possible, as "repeal by implication is disfavored." State v. Kotis, 91 Hawai`i 319, 330, 984 P.2d 78, 89 (1999) (quoting State v. Vallesteros, 84 Hawai`i 295, 303, 933 P.2d 623[632], 640 (1997); State v. Toyomura, 80 Hawai`i 8, 19 n. 16, 904 P.2d 893, 904 n. 16 (1995) (further citations omitted)).
Petitioner argues (3) that "[t]here is an irreconcilable conflict between HRS § 706-668 and HRS § 706-606.5. The two statutes are not even on the same subject matter. Mathematical impossibility to impose consecutive mandatory minimum terms in some cases, while not others, is not a contradiction."

B.
In its Answering Brief Respondent first argued that the specific sentencing provisions of HRS § 706-606.5 controlled over the general sentencing provisions of HRS § 706-668. According to Respondent, (1) "HRS § 706-606.5. . . [is] a specific sentencing statute, the provisions of which were reserved for a specific . . . subclass of defendants; i.e., `repeat offenders'" (emphasis in original); (2) "[o]n the other hand, HRS § 706-668 was a general sentencing statute"; (3) "[Petitioner's] assertion that the specific sentencing provisions of HRS § 706-606.5 were limited by the general sentencing provision of HRS § 706-668 was not expressed by the legislature"; (4) "[t]herefore, . . . the specific provision of HRS § 706-606.5(3) that authorized the imposition of consecutive sentences and not the general provision of HRS § 706-668 was applicable to him[,]" (citing Kotis, 91 Hawai`i at 330, 984 P.2d at 89 (court noted that "where there is a `plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored") (citation omitted)).
Second, Respondent argues that "[t]he clause `notwithstanding . . . any other law to the contrary' [in] HRS § 706-606.5(1)" indicates the "broad scope" of the statute as apparently controlling. Third, Petitioner maintains that "[t]he `mandatory minimum period of imprisonment' was subsumed within the statutorily mandated indeterminate term of imprisonment for the enumerated crime for which it could be imposed and was not a sentence unto itself" (citing Feliciano, 107 Hawai`i at 503, 115 P.3d at 682 (Acoba, J., dissenting)); and "[t]herefore, the `sentences' referred to in HRS § 706-606.5(3) that would result from the application of the statute was the `enhanced criminal sentence' consisting of the statutorily proscribed indeterminate term of imprisonment for the enumerated underlying crime and the `mandatory minimum period of imprisonment' to which it attached." Fourth, Respondent asserts that "[Petitioner] cites no authority that supports the proposition that the legislature intended to treat the `mandatory minimum period of imprisonment' as a sentence separate and distinct from the underlying crime for which it was imposed." (Emphasis in original.)

V.

A.
With respect to Petitioner's argument (1) that HRS § 706-668(1) is plain and unambiguous and controls, HRS § 706-668(1) must be read with HRS § 706-606.5. Under HRS § 706-668, when multiple prison sentences are imposed at the same time, as in this case, the sentences must run concurrently (stating that "when multiple sentences of imprisonment are imposed on a person at the same time, . . . the sentence or sentences imposed by the court shall be served concurrently"). As stated previously, the court imposed sentence on three separate class A convictions at the same time and HRS § 706-668(1) thus applies. Under HRS § 706-606.5, however, mandatory minimum sentences imposed on a repeat offender may be imposed consecutively in the discretion of the court. See HRS § 706-606.5(3) ("The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed. . . .")[13]
*731 In this regard, HRS § 706-668 is a general statute in the sense that it pertains generally to all offenses and without regard to the type of offender involved. On the other hand, HRS § 706-606.5 concerns certain enumerated offenses for which the legislature has required "mandatory minimum periods of imprisonment without possibility of parole" to be imposed for a particular class of offender, that is, the repeat offender. This court has said that "where there is a `plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored. However, where the statutes simply overlap in their application, effect will be given to both if possible, as repeal by implication is disfavored." Richardson v. City & County of Honolulu, 76 Hawai`i 46, 55, 868 P.2d 1193, 1202 (1994) (internal quotation marks and citation omitted).
With respect to "overlapping" and Petitioner's argument (3), HRS § 706-668 and HRS § 706-606.5 may be viewed as statutes that overlap on the question of concurrent and consecutive term sentencing. See Kienker v. Bauer, 110 Hawai`i 97, 109, 129 P.3d 1125, 1137 (2006) ("observ[ing] that HRS § 663-10.5 and HRS § 663-10.9 are statutes that overlap on the question of joint and several liability" and noting that "it is possible to give effect to both statutes inasmuch as the broad language of HRS § 663-10.5 may be construed as abolishing the government's joint and several liability unless an exception such as that embodied in HRS § 663-10.9 applies"). HRS § 706-606.5 is the specific statute in that it deals expressly with sentencing for certain felony convictions in cases involving repeat offenders, such as Petitioner. On the other hand, HRS § 706-668 is manifestly general in scope as it pertains to sentencing for all offenses and for all types of defendants except as expressly designated in subsection 2 of HRS § 706-668 which is not relevant here.
Although HRS §§ 706-668 and -606.5 overlap, it is possible to give effect to both statutes inasmuch as the broad language of HRS § 706-668 may be construed as prohibiting consecutive term sentencing where multiple sentences of imprisonment are imposed at the same time, except that in certain situations such as that embodied in the repeat offender provisions of HRS § 706-606.5, consecutive term sentencing is permitted, for instance, in the case where an HRS § 707-730 rape or HRS § 707-733 sodomy is involved.[14] The fact that the repeat offender sentences may be run consecutively in the discretion of the court leaves the question of how the HRS § 706-668 concurrent indeterminate sentencing provision would be affected.

B.
In this regard and with respect to Petitioner's argument (2), HRS § 706-606.5 must be *732 construed with HRS §§ 706-659 and -668. HRS § 1-16 (1993) states that "[l]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other." See also Honda ex rel. Kamakana v. Bd. of Trustees, 108 Hawai`i 338, 344, 120 P.3d 237, 243 (2005) (citing HRS § 1-16 and reading HRS §§ 88-27 and -127 in pari materia); State v. Hoshijo ex rel. White, 102 Hawai`i 307, 317, 76 P.3d 550, 560 (2003) (using HRS § 1-16 as authority for its decision to read HRS §§ 489-3 and 498-2 in pari materia). In pari materia refers to things that are "[o]n the same subject" or "relate[ ] to the same matter." Black's Law Dictionary 806 (8th ed.2004). All of these statutes relate to sentencing, and, therefore, should be construed in pari materia.
"It is a canon of construction that statutes that are in pari materia may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject." Id. Thus, "[l]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." Barnett v. State, 91 Hawai`i 20, 31, 979 P.2d 1046, 1057 (1999) (internal quotation marks and citation-omitted).
Reading the statutes in pari materia, it is manifest that HRS § 706-606.5 provides for sentencing in specific circumstances whereas HRS § 706-668 is a general rule. The express language of HRS § 706-606.5, "[n]otwithstanding... any other law to the contrary... [,]" clearly limits the applicability of HRS § 706-668 in cases involving the "[s]entencing of repeat offenders." HRS § 706-668 is precisely the type of "law to the contrary" described in HRS § 706-606.5.[15] Thus, reading the two statutes together, it is evident that HRS § 706-668 is the common starting point for sentencing, but that in the specific circumstances presented here, i.e., where the defendant is a repeat offender, the sentencing court may disregard the general rule and apply the statutory provision that applies to these particular facts.
HRS § 706-659 requires that "a person... convicted" of a class A felony be sentenced to an "indeterminate" twenty-year term. (Emphasis added.) Rape in the first degree and sodomy in the first degree are class A felonies. Accordingly, pursuant to HRS § 706-659, the convictions for rape and sodomy subject Petitioner to an indeterminate twenty-year term for each of the offenses for which he was convicted. HRS § 706-606.5 indicates that "for each conviction," a person guilty of any of the enumerated offenses in HRS § 706-606.5 including rape and sodomy "shall be," i.e., must be sentenced, to a mandatory minimum sentence.
Because a person convicted of a class A felony such as rape must be sentenced to a twenty-year indeterminate term under HRS § 706-659 and, if such a person is a repeat offender, he must also be sentenced to a mandatory minimum term of imprisonment under HRS § 706-606.5, that person is subject to both sentences for that one offense. Reading HRS §§ 706-659 and -606.5 in pari materia, inasmuch as HRS § 706-606.5 refers to a "minimum" term of imprisonment that a person must serve for the enumerated offense, the maximum term for that same offense must be the maximum indeterminate term described in HRS § 706-659.[16] The *733 mandatory minimum term, then, is served as part of the maximum indeterminate term. By definition, a mandatory minimum sentence must be less than the maximum sentence imposed of which it is a part. It follows that a mandatory minimum sentence is part of the lengthier indeterminate maximum of which it is a component.
A mandatory minimum sentence imposed as a result of a conviction is not another "offense." ...
... The mandatory sentence, although allowed to be imposed with the indeterminate term, does not exceed that term, but only directs how a certain period of the indeterminate term is to be served, in this case, mandating that Defendant be imprisoned for a least three years out of the indeterminate term....
Hence, Defendant is not punished twice for the same act; he is punished once, the mandatory minimum indicating how he must serve the initial part of his sentence. In effect, the mandatory minimum, then, is a restriction on the parole board's discretion on setting the mandatory minimum sentence a convicted person must serve. See HRS § 706-656 (1993 & Supp.2004.)
Feliciano, 107 Hawai`i at 503, 115 P.3d at 682 (Acoba, J., dissenting).[17]
This is also reflected in the effect the sentences would have on the availability of parole. HRS § 706-659 mandates, with respect to a class A felony, that the court impose a twenty-year indeterminate term of imprisonment and that the court is prohibited from suspending the sentence or granting probation, "notwithstanding section[ ] ... 706-606.5 ... and any other law to the contrary[.]" The purpose of requiring a twenty-year sentence was based on the belief that
"the seriousness of class A felonies ... merits mandatory imprisonment. This bill effects this purpose by denying suspension of sentence and probation as sentencing options in class A convictions, but retains, through indeterminate sentence, the option of parole by the paroling authority in order *734 that unusual extenuating circumstances can be given due consideration."
Commentary on HRS § 706-659 (1993) (quoting Senate Stand. Comm. Rep. No. 965-80, in 1980 Senate Journal, at 1491) (emphasis added). Contrastingly, HRS § 706-606.5 requires that the mandatory minimum term of imprisonment be served "without possibility of parole." As noted above, the HRS § 706-659 indeterminate term provision "retains through [an] indeterminate sentence, the option of parole by the paroling authority." Commentary on HRS § 706-659. Thus, inasmuch as Petitioner was convicted of rape in the first degree and sodomy in the first degree, he is not subject to parole for the mandatory minimum terms specified in HRS § 706-606.5. That part of the maximum indeterminate term unaffected by the mandatory minimum term, however, remains available for the parole board's exercise of discretion with respect to parole.
Additionally, reading the statutes to allow the imposition of consecutive indeterminate maximum sentences in conjunction with mandatory minimum sentences would comport with the legislative intent. For example, if a defendant were sentenced to consecutive five-year mandatory minimum terms on six Class A felony counts, the combined mandatory minimum term would be thirty years. However, the indeterminate maximum term for each individual Class A felony would be twenty years. Thus, if the indeterminate maximums were served concurrently, they would be shorter than the combined mandatory minimum terms. Contrastingly, reading HRS § 706-606.5(3) as allowing the imposition of consecutive indeterminate maximum sentences where the mandatory minimum sentences are imposed consecutively guarantees that the mandatory minimum term will not exceed the indeterminate maximum term, and is consistent with the legislative directive that mandatory minimum sentences for multiple offenses may run consecutively.
Under the reading espoused by Justice Levinson's dissent, there is no relationship between the mandatory minimum terms of imprisonment and the correlative indeterminate maximum sentences. This is inconsistent with the dissent's own rationale, which relies on the premise that minimum and maximum terms are defined by their relation to one another. See Levinson, J., dissenting at ___, 188 P.3d at 751 (agreeing "that a mandatory minimum prison term is subsumed within an indeterminate maximum prison term" (citations omitted)). Such an interpretation of HRS § 706-606.5(3) abrogates this relationship insofar as it is posited that mandatory minimum terms could exceed indeterminate maximum terms.
Moreover, Justice Levinson's solution to the hypothetical problem of consecutive mandatory minimum terms that would run longer than the concurrent indeterminate maximum terms, i.e., releasing the defendant at the expiration of the latter, see Levinson, J., dissenting at ___ _ ___, n. 3, 188 P.3d at 752, n. 3, is incompatible with the purposes of the penal code. The purpose of mandatory minimum terms in the case of multiple offenses is to guarantee that a defendant is punished more severely if he or she demonstrates repeated inability to abide by the law. See State v. Rodrigues, 68 Haw. 124, 131, 706 P.2d 1293, 1298 (1985) ("What is quite evident from the history is a growing legislative concern with the problem of recidivism in crime.") Releasing a defendant "early" because the concurrent indeterminate maximum terms expired, as the dissent suggests, but whose criminal activity warranted more severe punishment, undermines the legislative intent of allowing sentencing courts to impose mandatory minimum terms of imprisonment consecutively under HRS § 706-606.5 in multiple offense situations.
Pursuant to HRS § 706-606.5, mandatory minimum terms are imposed to reflect the seriousness of the offense committed. See Commentary on HRS § 706-606.5 (1993) (explaining that, when this section was added in 1976, the legislature found "a clear danger to the people of Hawai`i in the high incidence of offenses being committed by repeat offenders" and "felt it necessary to provide for mandatory terms of imprisonment without possibility of parole in cases of repeated offenses by prior offenders" (citing House Conf. Comm. Rep. No. 33, in 1976 House Journal at 1141, Sen. Conf. Comm. Rep. No. 32, in 1976 Sen. Journal at 883)); cf. Commentary on HRS § 706-620 (stating that *735 there is a presumption against imprisonment "unless ... there is (1) undue risk by repetitive criminal behavior, (2) need for institutionalized correctional facilities, or (3) need to reflect the seriousness of the crime which, under the circumstances of the case, can only be accomplished by imprisonment"). Similarly, the imposition of consecutive sentences reflects the seriousness of the defendant's conduct and the degree of threat that the defendant poses to the community. See HRS § 706-606(2) (1993) (listing the need "[t]o reflect the seriousness of the offense" and "[t]o protect the public" as factors to be considered in determining an appropriate sentence). Thus, reading HRS § 706-606.5(3) as authorizing the imposition of consecutive indeterminate maximum sentences where consecutive mandatory minimum sentences are mandated in multiple offense situations, comports with both the plain reading of the statutes, i.e., that a minimum sentence must be contained within the maximum sentence, and with the legislative intent, that consecutive mandatory minimum terms in multiple offense situations be available at the discretion of the court "notwithstanding ... any other law to the contrary[,]" as discussed above.
The disposition suggested herein draws the parameters for imposing consecutive mandatory minimum sentences. By statute, the sentencing courts and the HPA retain broad discretion to set sentences that are appropriate under the given circumstances of each case on a case-by-case basis. See State v. Sinagoga, 81 Hawai`i 421, 427, 918 P.2d 228, 234 (App.1996) (affirming the imposition of consecutive indeterminate terms pursuant to HRS § 706-668.5 and explaining that the legislative history of that statute revealed that "[t]he legislature assumed `that judges will exercise their discretion in invoking consecutive terms of imprisonment when appropriate as in instances where the defendant committed multiple or subsequent offenses'" (quoting Sen. Stand. Comm. Rep. No. 382, in 1982 Sen. Journal, at 1111)), overruled on other grounds by State v. Veikoso, 102 Hawai`i 219, 74 P.3d 575 (2003). Thus, the sentencing court can readily adjust its sentence within such parameters.
At oral argument, Petitioner referred to Keawe v. State, 79 Hawai`i 281, 282, 901 P.2d 481, 482 (1995), in which the defendant was charged with fourteen Class C felony counts. Petitioner hypothesized that, had the sentencing court imposed consecutive mandatory minimum terms and hence, resulting consecutive indeterminate maximum terms on all fourteen counts, the result would have been an indeterminate maximum term of seventy years and a mandatory minimum term of forty-two years. MP3: Oral Argument, Hawai`i Supreme Court, at 9:05 to 10:11 (June 5, 2008) available at http://www. state.hi.us/jud/oa/08/SCOA_  XXXXXX_XXXXX. mp3/2-line.mp3 However, this arguably excessive hypothetical sentence, as are all sentences, would be subject to review for abuse of discretion. State v. Putnam, 93 Hawai`i 362, 372, 3 P.3d 1239, 1249 (2000) ("The applicable standard of review in sentencing matters is whether the court committed a plain and manifest abuse of discretion in its decision." (Citations and internal quotation marks omitted.)); see also People v. Alexander, 234 Mich.App. 665, 599 N.W.2d 749, 756 (1999) ("An abuse of discretion may be found where a sentence is disproportionate to the seriousness of the circumstances surrounding the offense and the offender." (Citation and internal quotation marks omitted.)). Although the discretion of the sentencing court and the HPA is broad, it is not unlimited, and the appellate courts retain the authority to review extraordinary sentences for an abuse of that discretion on a case-by-case basis.
Manifestly, the sentencing court's discretion includes the discretion to run some mandatory minimum sentences consecutively and others concurrently under HRS § 706-606.5. Because the sentencing court has discretion to run mandatory minimum sentences consecutively or not, or to run some such sentences concurrently and some consecutively and thereby affect the extent to which indeterminate sentences run consecutively, any questions may be settled on the basis of the facts of each case. Of course, the court also possesses the discretion to impose mandatory minimum terms shorter than those set forth in the statute based on the circumstances *736 of the case. See State v. Smith, 103 Hawai`i 228, 232, 81 P.3d 408, 412 (2003) (affirming the circuit court's imposition of a mandatory minimum sentence of eighteen months pursuant to HRS § 706-606.5, rather than the statutorily prescribed twenty months based on the defendant's commitment to drug treatment and willingness to accept responsibility).
Because it appears that Justice Levinson's argument does not comport with the statutes involved, it follows that the call to overrule State v. Saufua, 67 Haw. 616, 699 P.2d 988 (1985), is incorrect. Applicable to this case, Saufua implicitly held that, under HRS § 706-606.5, indeterminate terms may be served consecutively. The defendant in that case was convicted of robbery in the second degree, which he committed while on probation for prior convictions of robbery in the first degree and burglary. Id. at 617, 699 P.2d at 909. The circuit court sentenced the defendant to concurrent indeterminate maximum terms of twenty and ten years for the previous convictions and to a consecutive ten-year term for the second degree robbery conviction. Id. Additionally, the court ordered defendant to serve a three-year mandatory minimum term for the second degree robbery conviction consecutive to the other sentences. Id. Thus, in total, defendant was sentenced to thirty-three years' imprisonment. Id. at 617, 699 P.2d at 989-90.
On appeal, this court considered the question of "whether the mandatory minimum sentencing provisions of [HRS] § 706-606.5[] may be imposed consecutive to the terms of imprisonment for the underlying felony convictions." Id., at 616, 699 P.2d at 989. This court appeared to be guided by the statutory construction principle that "[i]n ascertaining intent, the language of the provision must be read in the context of the entire statute and construed in a manner consistent with its purposes." Id. at 618, 699 P.2d at 990. In the case of HRS § 706-606.5, the legislative intent was that "any person convicted for some of the most serious and reprehensible felonies as defined by the [HPC] be sentenced, for each conviction after the first conviction[,] to a mandatory [minimum] sentence without the possibility of parole." Id. (quoting Sen. Conf. Comm. Rep. No. 33-76, in 1976 Senate Journal at 883; Hse. Conf. Comm. Rep. No. 32, in 1976 House Journal at 1141) (emphasis omitted).
In answering the question on appeal, the Saufua court said that

[t]he mandatory minimum sentencing provisions are intended to apply to sentences imposed for the underlying subsequent conviction which triggered application of the statute. Logically, the required period of unparoled imprisonment is subsumed within the maximum sentence imposed for that offense. This is in harmony with the statutory scheme. The consecutive sentencing language of HRS § 706-606.5 necessarily must be read to allow the sentence on the underlying offense to be served consecutive to the sentence imposed for the prior offense or offenses.

Id. at 619, 699 P.2d at 991 (emphases added) (footnote omitted). Thus, in Saufua, this court had already determined that where mandatory minimum sentences were involved, the maximum punishment available was the imposition of consecutive indeterminate maximum terms. If the sentencing court increased the severity of the punishment by imposing a mandatory minimum term, it had to be done in a way that would not exceed the consecutive indeterminate sentences. In that regard, this court indicated that if lengthier sentences were sought to be imposed, the sentencing court would have to resort to the enhanced sentencing statutes, HRS §§ 706-661 and -662. Id. at 618-19, 699 P.2d at 990-91 (noting that "[w]ith the exception of special problems calling for extended terms of imprisonment, the statutes are intended to allow imposition of only one maximum length of imprisonment ..." and that such "extended terms are provided for under HRS § 706-661 and may be imposed only upon proper motion and hearing, and specific findings by the sentencing court" (footnote omitted)).
Justice Levinson "do[es] not ... agree with the Saufua court's conclusion that HRS § 706-606.5(3) `necessarily must' be read to authorize [the court] to impose indeterminate sentences consecutively." Levinson, J., dissenting at ___, 188 P.3d at 751 (citing Saufua, *737 67 Haw. at 619-20, 699 P.2d at 991). Inasmuch as that proposed interpretation of HRS § 706-606.5 conflicts with a straightforward reading of the relevant sentencing statutes and the underlying policies of the penal code, the justification offered for overruling Saufua, id. at ___, 188 P.3d at 752, is not persuasive.[18]

C.
Somewhat analogously,[19] this court recently held that the "notwithstanding ... any other law to the contrary" clause in HRS § 706-606.5(1), as in this case, must govern, even over a narrower sentencing provision, and that it should be given effect "in all cases." In Smith, the sentencing court initially indicated uncertainty regarding whether the "notwithstanding ... any other law to the contrary" caveat in HRS § 706-606.5 rendered HRS § 706-622.5 (Supp.2002), which made certain first time drug offenders eligible for probation, inapplicable in cases *738 where the defendant was a repeat offender, but a first time drug offender. 103 Hawai`i at 231, 81 P.3d at 411. On reconsideration, defendant
contended that the circuit court should have sentenced her to a five-year term of probation pursuant to HRS § 706-622.5,... arguing that, as evidenced by the statute's plain language and the legislative history, HRS § 706-622.5 overrides the repeat offender statute, as set forth in HRS § 706-606.5. Smith further asserted that any ambiguity with respect to the application of HRS §§ 706-622.5 and -606.5 should be resolved in favor of lenity.
Id. at 232, 81 P.3d at 412 (emphasis added). However, the circuit court concluded that "when the legislature provided for treatment for first-time drug offenders, [it] did not mean to preclude the application of repeat offender sentencing." Id.
On appeal, to reiterate, this court affirmed that HRS § 706-606.5 was applicable despite HRS § 706-622.5, and further held that "in all cases in which HRS § 706-606.5 is applicable,... the circuit courts must sentence defendants pursuant to the provisions of HRS § 706-606.5." Id. at 234, 81 P.3d at 414 (emphasis added).
In the present matter, HRS § 706-606.5(1) states that the repeat offender statute applies "notwithstanding ... any other law to the contrary...." ... Although HRS § 706-622.5 does contain a similar phrase, the language of the first-time drug offender statute, as compared to the foregoing wording of the repeat offender statute, is markedly narrower in scope: "Notwithstanding any penalty or sentencing provision under part IV of chapter 712...." ... Thus, inasmuch as the plain and unambiguous language of HRS § 706-606.5 requires application of the repeat offender statute over "any other law to the contrary," we hold that the circuit court did not err in sentencing Smith as a repeat offender pursuant to HRS § 706-606.5. Furthermore, we hold that, in all cases in which HRS § 706-606.5 is applicable, ... the circuit courts must sentence defendants pursuant to the provisions of HRS § 706-606.5.

Id. (brackets omitted) (emphases added).[20] The case now before us falls squarely within the category of cases in which HRS § 706-606.5 is applicable and, consistent with Saufua, and Smith, that section must be applied to Petitioner. See also Reis, 115 Hawai`i at 98, 165 P.3d at 999 (holding that, under Smith and Walker, and because the defendant "conceded that she qualified as a repeat offender under HRS § 706-606.5," the sentencing court "was required to apply HRS § 706-606.5" (emphasis added)); Walker, 106 Hawai`i at 9, 100 P.3d at 603 (holding that, pursuant to Smith, the sentencing court "erred in sentencing [the defendant] pursuant to HRS § 706-622.5 instead of applying HRS § 706-606.5" (internal citation omitted)); State v. Delmondo, 67 Haw. 531, 533, 696 P.2d 344, 346 (1985) (holding that where the court made an affirmative finding that the defendant was a repeat offender, it "was duty bound to impose a mandatory minimum sentence" (emphasis added)); State v. Freitas, 61 Haw. 262, 277, 602 P.2d 914, 925 (1979) (contrasting HRS § 706-662, pertaining to extended term sentences, which "is discretionary," with HRS § 706-606.5, which "is a mandatory sentencing statute and admits of no ... discretion" (emphasis added)); State v. Kanamu, 107 Hawai`i 268, 271, 112 P.3d 754, 757 (App.2005) (rejecting as "lack[ing] merit" the defendant's argument that he should have been sentenced under HRS § 706-622.5 rather than HRS § 706-606.5 because of the former statute's intent "to rehabilitate drug users rather than incarcerate them" on the ground that "HRS *739 § 706-606.5, by its plain and unambiguous language, applies notwithstanding the sentencing provisions of HRS § 706-606.5" (quoting Smith, 103 Hawai`i at 234, 81 P.3d at 414) (internal quotation marks, internal citation, and other citation omitted))).
Hence, to repeat, by virtue of the directive "notwithstanding ... any other law" present in HRS § 706-606.5, where mandatory minimum terms are imposed consecutively in the discretion of the court, indeterminate maximum sentences must also run consecutively despite (i.e., "notwithstanding") HRS § 706-668 because mandatory minimums are part of, or incorporated within, the period or term of the indeterminate maximum sentence involved, and indeterminate maximum terms must run consecutively in order for the mandatory minimum sentence to be imposed consecutively as permitted by HRS § 706-606.5. Any other view would be inconsistent with the approach taken in Saufua and Smith.

VI.
Chief Justice Moon's dissent disagrees with the conclusion that "under [HRS] §§ 706-606.5 (1985) and 706-668(1) (1976),... [the court] was authorized to impose consecutive indeterminate maximum terms of imprisonment." Moon, C.J., dissenting at 1. He argues that (1) the plain language of HRS § 706-668(1) required that Petitioner's three indeterminate maximum terms be served concurrently, (2) HRS § 706-606.5(3) does not, by its terms, permit the imposition of consecutive indeterminate maximum sentences, and (3) the holding in State v. Tavares, 63 Haw. 509, 630 P.2d 633 (1981), supports these arguments.
Initially, it must be noted that Petitioner did not raise this issue to this court or to the ICA. Thus, it may only be considered under the doctrine of plain error.[21]See Hawai`i Rules of Appellate Procedure (HRAP) Rule 40.1 (providing that, when an issue is not presented in accordance with the appellate rules, this court, "at its option, may notice a plain error not presented"); see also Hawai`i Rules of Penal Procedure (HRPP) Rule 52(b) (2007) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").
However, the Chief Justice has not offered any basis for taking notice under the plain error rule. Moreover, because none of the parties raised plain error here or below there is no discernible argument on this point for this court to review. See Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai`i 422, 435, 16 P.3d 827, 840 (App.2000) (concluding that appellants made no discernible argument because "[t]hey cite[d] no apposite authority and [made] no coherent argument on the issue from cognizable precedent" (citing HRAP Rule 28(b)(7) (1999))). But, to the extent that this proposition is raised, it must be respectfully disagreed that Tavares[22] prohibits *740 the imposition of consecutive indeterminate maximum terms of imprisonment.

VII.

A.
The defendant in Tavares had been previously charged with two counts of burglary in a single indictment (the 1975 burglaries). 63 Haw. at 510, 630 P.2d at 634-35. He pled guilty and judgment was entered on both counts in 1975. Id. at 510, 630 P.2d at 635. Subsequently, the defendant was charged with a single count of burglary (1979 burglary) and convicted. Id. at 510, 630 P.2d at 634. At defendant's sentencing for the 1979 burglary, the sentencing court determined that the defendant had two prior convictions, i.e., the two 1975 burglaries. Id. at 510, 630 P.2d at 635. The sentencing court then decided that the 1979 burglary conviction was the defendant's third conviction, such that, under HRS § 706-606.5(1)(b), a ten-year mandatory minimum term of imprisonment was required. Id.
On appeal, the defendant argued that the two counts from the 1975 burglary should have been considered a single conviction for purposes of HRS § 706-606.5 because he had been convicted on both counts on the same day. Id. According to the defendant, it would follow that the 1979 burglary conviction would be considered the second conviction, not the third conviction, and the defendant would be subject only to a five-year mandatory minimum term of imprisonment rather than the ten-year mandatory minimum term that had been imposed. Id. at 511, 630 P.2d at 635.
Thus, the issue before the Tavares court was "whether a conviction on the second count of a two-count indictment constitutes a separate conviction under Hawaii's repeat offender *741 statute[.]" Id. at 509, 630 P.2d at 634. Ultimately, this court agreed with that position and held "that convictions on several counts of an indictment are to be treated as only one conviction for the purposes of [HRS § ] 706-606.5(1)." Id. at 515, 630 P.2d at 637.

B.
The Chief Justice maintains that pursuant to Tavares, Counts VI, IX, and XI in the instant case constitute a single conviction for purposes of HRS § 706-606.5, and, because they were imposed at the same time, HRS § 706-668 requires that the sentences be served concurrently. However, this (1) misapplies the holding of Tavares, (2) disregards the language of HRS § 706-606.5, and (3) impermissibly severs the mandatory minimum terms of imprisonment from the indeterminate maximums of which they are a part.

VIII.

A.
As to item (1), because Petitioner was charged with the pertinent two counts of rape and single count of sodomy in the same indictment, his convictions on those three counts would constitute a single conviction for purposes of the repeat offender statute under Tavares. See Tavares, 63 Haw. at 515, 630 P.2d at 637. Petitioner had one prior felony conviction (the firearm conviction) and therefore, for purposes of determining the applicable mandatory minimum sentence pursuant to HRS § 706-606.5, the instant counts in total would be considered his second conviction. Under Tavares then, it would have been incorrect in the instant case for the court to sentence Petitioner to a five-year mandatory minimum on Count VI as the second conviction, and then to impose a ten-year mandatory minimum for Count IX by designating it as the third conviction for repeat offender purposes.
However, that is not what happened in this case. Consistent with Tavares, Petitioner was, in fact, sentenced to five-year mandatory minimum terms of imprisonment for the crimes consistent with a second conviction (taking all three counts as comprising one conviction). The court did not impose any ten-year mandatory minimum terms, which could only be imposed upon a third conviction as defined by Tavares. Thus, Petitioner's sentence did not violate the rule set forth in Tavares.
Manifestly, Tavares did not expressly consider the treatment of individual sentences for each count in a multicount indictment. In that case, because the defendant's second conviction was comprised of only a single count of burglary, he was subject to only one mandatory term of imprisonment. Thus, the Tavares court did not have occasion to address whether a defendant whose second or third felony conviction arose from a multicount indictment would be subject to multiple mandatory minimum terms pursuant to HRS § 706-606.5. Inasmuch as the issue was not reached, it cannot be said logically that the holding in Tavares prohibits a court from imposing the applicable mandatory minimum sentence for each count that makes up a single conviction. Tavares, therefore, is not inconsistent with the result reached herein.
Nevertheless, the dissent contends that because, "in the present case, [C]ounts [VI], [IX], and [XI] constitute one conviction," Petitioner was subject only "to a single five-year mandatory minimum term of imprisonment...." Moon, C.J., dissenting at ___, 188 P.3d at 747 (first emphasis in original) (second emphasis added). Insofar as this implies that the mandatory minimum term of imprisonment does not apply to each count comprising a second or third felony conviction under HRS § 706-606.5, it would be legally incorrect. See State v. Buch, 83 Hawai`i 308, 326, 926 P.2d 599, 617 (1996) (explaining that "[e]very [statutory] construction which leads to an absurdity shall be rejected" (quoting HRS § 1-15(3) (1993)) (brackets in original)). This would be violative of the sentencing policies underlying the HPC and contrary to the established principle that courts impose distinct punishments for each count on which a defendant is convicted.[23]
*742 Consequently, when a repeat offender is convicted of multiple offenses enumerated in the same charging document, he or she is subject to distinct sentences addressed to each count. If the defendant was a repeat offender under HRS § 706-606.5, the sentences applicable to those counts would be a five year mandatory minimum term (for a second conviction) or a ten-year mandatory minimum term (for a third conviction). Thus, when a repeat offender's subsequent conviction is comprised of multiple counts, he or she is subject to mandatory minimum terms of imprisonment for each count on which he or she is adjudged to be guilty.

B.
As additional support for the argument that indeterminate maximum terms for individual counts of a single conviction cannot be run consecutively to each other, the Chief Justice relies on Cornelio. Respectfully, this reliance on Cornelio is misplaced.
The question presented in Cornelio was "whether ... the sentencing court properly ran [Cornelio's] mandatory minimum sentences imposed under HRS § 706-606.5 (Counts 2-5) consecutive[ly] to each other[ ] and consecutive[ly] to the mandatory minimum sentence imposed under HRS § 706-606.1 (Count 1)." 84 Hawai`i at 483, 935 P.2d at 1028 (footnote omitted) (ellipsis and brackets in original). The court in Cornelio did not consider the propriety of the consecutive indeterminate maximum sentences imposed on the defendant, but vacated the sentence on other grounds, specifically, as the Chief Justice notes, "that HRS § 706-606.5(3)[[24]] *743 divests a sentencing court of the authority to impose consecutive mandatory minimum periods of imprisonment on a defendant convicted of multiple felony counts charged in the same indictment or complaint." Id. at 494, 935 P.2d at 1039 (internal quotation marks omitted). This holding was grounded in this court's determination that the 1986 revisions[25] to HRS § 706-606.5 indicated "a presumptive legislative preference for concurrent sentencing with respect to multiple terms of imprisonment imposed at the same time." Id. at 493, 935 P.2d at 1038 (internal quotation marks omitted).
But significantly, the version of HRS § 706-606.5(3) in effect at the time Petitioner committed the subsequent offenses, was substantively different from the version considered in Cornelio. The operative language of the 1985 version of the statute, which is applicable to Petitioner, provided, in pertinent part, that "[t]he sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant[.]" HRS § 706-606.5 (emphases added). Contrastingly, the version of the same statute construed in Cornelio, HRS § 706-606.5(4) (1993 & Supp.1996), provided that "[t]he sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior conviction, but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction ...." (Emphases added.) Thus, the version of HRS § 706-606.5 construed in Tavares and applicable here, expressly permitted sentences imposed at the same time to be run concurrently whereas the version of the same statute construed in Cornelio expressly prohibited this.
In Cornelio, this court explained the implications of the prior version of HRS § 706-606.5(3), which is applicable to Petitioner, thusly: "by its plain language, `any other sentence then ... imposed on the defendant[,]'... necessarily included mandatory minimum periods of imprisonment presently being ordered in connection with convictions resulting from multicount indictments or complaints." 84 Hawai`i at 489, 935 P.2d at 1034 (emphases in original). Thus, Cornelio confirms that the interpretation of HRS § 706-606.5(3) employed herein is correct under Tavares, which is the law applicable to Petitioner. Cornelio further explained that, among the effects of the amendments made to that section in 1986, the deletion of the authorization to order sentences "then ... imposed on the defendant" to run consecutively and the addition of a mandate that mandatory minimum sentences "be imposed concurrent to the sentence imposed for the instant conviction[,]" "manifests a[ ] ... clear legislative intent that a sentencing court be required to order that any such mandatory minimum[ terms] run concurrently with respect to the instant conviction." Id. at 493, 935 P.2d at 1038 (emphasis in original) (internal quotation marks omitted). Because the statute in effect at the time of Petitioner's sentencing expressly authorized the court to impose consecutive sentences for each of the offenses enumerated in the charging document, and the statute applicable in Cornelio did not, Cornelio's holding is not pertinent to Petitioner's case.

IX.
As to item (2), the Chief Justice's dissent disregards the explicit provision in HRS § 706-606.5 mandating that that statute controls for purposes of sentencing repeat offenders "notwithstanding ... any other law to the contrary," including HRS § 706-668. As a result, the mandate in the latter statute that sentences imposed at the same time be served concurrently is not controlling with respect to sentences rendered pursuant to HRS § 706-606.5. To reiterate, in that connection, HRS § 706-606.5(3) provides that mandatory minimum terms of imprisonment may be imposed consecutively to any other sentence "then or previously imposed on the defendant[.]" (Emphasis added.) Thus, under that statute, when multiple mandatory *744 minimum terms are imposed at the same time, the court, in its discretion, may order those terms to run consecutively to each other. Thus, contrary to the Chief Justice's argument, the plain language of HRS § 706-606.5(3) authorizes sentencing courts to impose consecutive mandatory minimum terms of imprisonment for each count of a multicount indictment, "notwithstanding" the mandate in HRS § 706-668 that sentences imposed at the same time be served concurrently.

X.
As to item (3), the mandatory minimum terms imposed pursuant to HRS § 706-606.5 are necessarily a part of the indeterminate maximum terms with which they are associated. As discussed in this opinion, the two components of the total sentence cannot be treated as separate sentences. Thus, inasmuch as HRS § 706-606.5(3) permits the imposition of consecutive mandatory minimum terms, any concomitant indeterminate maximum sentence must also be served consecutively. Based on the foregoing, the Chief Justice's conclusion that Petitioner could only have been sentenced to three concurrent indeterminate maximum terms of imprisonment cannot be supported.

XI.

A.
Finally, the Chief Justice dissents from the conclusion that Petitioner's mandatory minimum terms for Counts VI, IX, and XI could be run consecutively to each other. Moon, C.J., dissenting at ___, 188 P.3d at 747. The Chief Justice argues that
mandatory minimums for multiple counts in one indictment  like indeterminate maximum terms  must also be served concurrently under the holding in Tavares. Stated differently, the mandatory minimums under HRS § 706-606.5 can run consecutive[ly] to only the sentence for the prior [conviction] under Tavares' definition of conviction. Thus, applying Tavares to the present case, Counts [VI], [IX], and [XI] constitute one conviction, thereby subjecting [Petitioner] to a single five-year mandatory minimum term of imprisonment (as a second time offender under HRS § 706-606.5(1)(a), the first [conviction] being his prior firearms conviction).
Id. at ___, 188 P.3d at 748.
With all due respect, this position suffers from the same defects as that dissent's arguments related to the manner in which Petitioner's indeterminate maximum terms must be served. First, it extends the holding of Tavares to an issue not addressed by that opinion. The Tavares court's inquiry was limited to the appropriate method of calculating the number of convictions a particular defendant had for purposes of determining whether that defendant should be sentenced as a second time offender or a third time offender under the repeat offender statute. Thus, the holding in Tavares is not related to the issue of how mandatory minimum terms imposed pursuant to the repeat offender statute should be served.

B.
Second, this position flies in the face of the plain language of HRS § 706-606.5 itself, which expressly states that mandatory minimum terms imposed pursuant to it may be ordered to run "consecutive to any other sentences then or previously imposed." HRS § 706-606.5(3) (emphases added). Inasmuch as the sentences for each of the counts charged in a single indictment are considered part of a single conviction pursuant to Tavares and are imposed at the same time, each of those sentences can be categorized as "other sentences then ... imposed." Id. (emphasis added). Thus, under the plain language of HRS § 706-606.5(3), mandatory minimum terms of imprisonment for counts charged in the same indictment may be run consecutively to each other.

XII.
As to the second question, Petitioner reiterates that "application of [the court's] incorrect construction requires that HRS § 706-668 be repealed retroactively[,]" and, thus, this
violated the due process clauses of the Fifth and Fourteenth amendments to the *745 United States Constitution as a retroactive expansion of the scope of [Petitioner's] criminal liability in violation of the ex post facto clause under [a]rticle I, [s]ection 10, [c]lause 1, ... [inasmuch as t]he ex post facto clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir.2002).
(Brackets omitted.) He asserts that "the statute in effect at the time of the offenses allowed only concurrent maximum terms, and disallowed consecutive terms except those committed while incarcerated. Thus the ... [statutory] construction that allowed consecutive sentencing increased the punishment retroactively[.]" Petitioner maintains that "[u]nder the law in place at the time of his offenses, he could not be re-sentenced to consecutive maximum terms of 20 years each for his 3 Class A ... convictions[,] ... his sentence must be vacated and the [c]ourt ordered to resentence [Petitioner] to concurrent 20-year terms as to Counts 6, 9, and 11." This argument, of course, rests on the premise that HRS § 706-606.5(3) was incorrectly applied to Petitioner at the time of his sentencing. Inasmuch as it has been determined herein that HRS § 706-606.5(3), properly construed (i.e. giving effect to the "notwithstanding... any law to the contrary" clause), does apply to Petitioner, Petitioner's argument on this question is wrong.
Based on the foregoing, the ICA's January 3, 2008 judgment is affirmed.
Dissenting Opinion by MOON, C.J.
I disagree with the majority's conclusion that, (1) under Hawai`i Revised Statutes (HRS) §§ 706-606.5 (1985) and 706-668(1) (1976), quoted infra, the Circuit Court of the First Circuit was authorized to impose consecutive indeterminate maximum terms of imprisonment and (2) the circuit court did not err in ordering petitioner/defendant-appellant Andrew K. Kamana`o to serve his indeterminate maximum terms for one count of rape in the first degree (count 9) and one count of sodomy in the first degree (count 11) consecutive to his indeterminate term for another count of rape in the first degree (count 6). I, therefore, join in Justice Levinson's dissent in part and write separately to underscore an additional point regarding indeterminate maximum sentencing and to clarify my position with respect to mandatory minimum sentencing and State v. Saufua, 67 Haw. 616, 699 P.2d 988 (1985).
Preliminarily, I note my agreement with Justice Levinson that, based on its plain language, "HRS § 706-668(1) mandated that [Kamanao's] three [indeterminate maximum twenty-year-imprisonment] sentences run concurrently." Dissenting Op. at ___, 188 P.3d at 749. I also agree with his conclusion that HRS § 706-606.5(3) (relating to sentencing of repeat offenders) "did not, by its terms, plainly permit the circuit court to order consecutive indeterminate maximum sentences[.]" Id. at ___, 188 P.3d at 750 (bold emphasis added) (underscored emphasis in original).
I believe this court's holding in State v. Tavares, 63 Haw. 509, 630 P.2d 633 (1981), underscores the correctness of Justice Levinson's position. In Tavares, this court was confronted with "whether a conviction on the second count of a two-count indictment constitute[d] a separate conviction" under HRS § 706-606.5 (Supp.1980).[1]Id. at 509, 630 P.2d at 634. The court observed that:

*746 Although section 706-606.5(1) is explicit in delineating terms of imprisonment, the statute is ambiguous as to whether one conviction can be considered to have occurred "after" another conviction where both have been rendered simultaneously in the same trial. One possible interpretation is that the legislature intended that each felony offense be committed after conviction for the preceding felony to warrant increased criminal penalties. Under this interpretation, convictions on several counts of an indictment which occur during the same trial would not be totalled [sic] up, but treated as "one" prior conviction. Another possible interpretation of the language of the statute is that a conviction on each count of an indictment represents a separate conviction for the purposes of adding up the number of convictions for sentencing. Under this interpretation, each conviction on a separate count would result in an enhanced criminal sentence.
Id. at 511-12, 630 P.2d at 635. The Tavares court ultimately held that "convictions on several counts of an indictment are to be treated as only one conviction for the purposes of section 706-606.5(1)." Id. at 515, 630 P.2d at 637.
I am cognizant that this court subsequently criticized the Tavares court's reasoning in State v. Cornelio, 84 Hawai`i 476, 935 P.2d 1021 (1997). I emphasize, however, that it did not overrule Tavares. In Cornelio, this court pointed out that:
Notwithstanding its attractiveness as a policy matter, the Tavares analysis disregarded the very rules of statutory construction that it purported to apply. In particular, the Tavares court was able to perceive ambiguity in the plain meaning of HRS § 706-606.5 only by pointedly ignoring the statute's proviso that "the sentencing court may impose the mandatory minimum prison sentences prescribed therein consecutive to any other sentence then imposed on the defendant." (Emphasis added.) In the face of the proviso, the only "possible interpretation" of the repeat offender statute was that "a conviction on each count of an indictment represents a separate conviction for the purposes of adding up the number of convictions for sentencing," such that "each conviction on a separate count could result in an enhanced criminal sentence." See Tavares, 63 Haw. at 512, 630 P.2d at 635. Had it therefore adhered to the "basic tenet of statutory interpretation" that "where the language of a statute is plain and unambiguous, construction by the court is inappropriate, and the court is bound to give effect to the law, according to its plain and obvious meaning," see id. at 511, 630 P.2d at 635, the Tavares court could not have "looked beyond the express language of the statute to the case law of other jurisdictions," as "extrinsic aids to its construction," for the purpose of holding that "convictions on several counts of an indictment are to be treated as only one conviction for the purposes of section 706-606.5(1)." See id. at 511-12, 515, 630 P.2d at 635-37.
84 Hawai`i at 491, 935 P.2d at 1036 (original brackets, ellipses, and footnotes omitted) (emphases in original). In not expressly overruling Tavares, the Cornelio court observed that the legislature, in 1986, had amended HRS § 706-606.5 subsequent to Tavares in a manner essentially consistent with that decision's approach to the statute. See 1986 Haw. Sess. L. Act 314, § 17 at 600-02. The legislature amended HRS § 706-606.5 by defining a "conviction" under the statute as "two or more counts of an indictment or complaint[.]" HRS § 706-606.5(7) (Supp.2007); see also 1986 Haw. Sess. L. Act. 314, § 17 at 602.[2] Thus, inasmuch as *747 Cornelio declined to overrule Tavares, the holding therein as applied to the pre-amended HRS § 706-606.5, which is applicable to Kamana`o, controls.[3]See also State v. Dudoit, 90 Hawai`i 262, 273, 978 P.2d 700, 711 (1999) (observing that, due to the legislative amendment of HRS § 706-606.5, this court "perceived no need in Cornelio to expressly overrule Tavares").
In my view, the holding in Tavares that multiple counts in one indictment constitute a single conviction was consistent with HRS § 706-668(1)'s mandate that, "when multiple sentences of imprisonment are imposed on a person at the same time, ... the sentence or sentences imposed shall be served concurrently." In other words, where the multiple sentences arise from multiple counts in one indictment, the multiple sentences imposed must be served concurrently. Accordingly, based on the plain language of HRS §§ 706-668(1) and 706-606.5, as well as the declaration in Tavares with respect to multiple counts/one conviction, Kamanao's three twenty-year indeterminate terms of imprisonment arising from three counts in a single indictment should have been ordered to be served concurrently.[4]
In light of the holding in Tavares concerning multiple counts/one conviction, I depart from the majority's and Justice Levinson's apparent belief that Kamanao's five-year mandatory minimum term for each of the three counts could be run consecutively. The majority suggests that HRS § 706-606.5(3) authorized the circuit court "to run some mandatory minimum sentences consecutively and others concurrently[.]"[5] Majority at ___, 188 P.3d at 735. Justice Levinson, likewise, maintains that subsection "706-606.5(3) authorized the circuit court to impose *748 consecutive mandatory minimum terms." Dissenting Op. at ___, 188 P.3d at 750 (emphasis in original). Indeed, HRS § 706-606.5(3) expressly conferred upon the circuit court the discretion to impose mandatory minimum terms of imprisonment "consecutive to any other sentences then or previously imposed on the defendant[.]" HRS § 706-606.5(3). However, mandatory minimums for multiple counts in one indictment-like indeterminate maximum terms-must also be served concurrently under the holding in Tavares. Stated differently, the mandatory minimums under HRS § 706-606.5 can run consecutive to only the sentence for the prior offense under Tavares' definition of conviction. Thus, applying Tavares to the present case, counts 6, 9, and 11 constituted one conviction, thereby subjecting Kamana`o to a single five-year mandatory minimum term of imprisonment (as a second time offender under HRS § 706-606.5(1)(a), the first being his prior firearms conviction).
Lastly, I depart from Justice Levinson's dissent with regard to State v. Saufua, 67 Haw. 616, 699 P.2d 988 (1985), inasmuch as I believe it is inapplicable to the instant case. In Saufua, the circuit court, after revoking probation, sentenced the defendant to concurrent terms of twenty and ten years for the prior offenses and imposed the statutory maximum ten-year sentence for the subsequent underlying offense to be served consecutively. 67 Haw. at 617, 699 P.2d at 989. The circuit court also sentenced the defendant to a three year mandatory minimum term under the repeat offender statute to run consecutively with the subsequent offense sentence. Id. Thus, the sole inquiry before the Saufua court was "whether the mandatory minimum term may be tacked as a consecutive sentence to that imposed for the underlying subsequent offense." Id. at 617, 699 P.2d at 990. The court answered in the negative, reasoning that, to permit the mandatory minimum term to be tacked as a consecutive sentence, "[t]he court in effect extended the maximum sentence by three years without compliance with the extended term provisions." Id. at 619, 699 P.2d at 991. This court further reasoned that:
The mandatory minimum sentencing provisions are intended to apply to sentences imposed for the underlying subsequent conviction which triggered application of the statute. Logically, the required period of unparoled imprisonment is subsumed within the maximum sentence imposed for that offense. This is in harmony with the statutory scheme. The consecutive sentence language of HRS § 706-606.5 necessarily must be read to allow the sentence on the underlying offense to be served consecutive to the sentence imposed for the prior offense or offenses.
Id. at 619-20, 699 P.2d at 991 (emphases added) (footnote omitted). Justice Levinson, however, believes, based upon the above statements  particularly, the underscored sentence,  that this court declared that:
[T]he circuit court had the authority, pursuant to HRS § 706-606.5(3), particularly the statute's "consecutive sentencing language," to set the indeterminate maximum... sentence [for] the underlying offense[ ] to run consecutively with the indeterminate maximum ... sentence ... for the prior ... offenses[ ]. It would follow from the logic of Saufua, then, that, in the present matter, HRS § 706-606.5(3) likewise authorized the circuit court to set Kamanao's indeterminate maximum sentence for his sodomy conviction to run consecutively with his indeterminate maximum sentences for rape[.]
Dissenting Op. at ___, 188 P.3d at 751 (citation omitted). Likewise, the majority contends that, "in Saufua, this court has already determined that[,] where mandatory minimum sentences were involved, the maximum punishment available was the imposition of consecutive indeterminate maximum terms." Majority Op. at ___, 188 P.3d at 736. I respectfully disagree with the majority's and Justice Levinson's reading of Saufua. In my view, the above underscored statement made in Saufua clearly relates to sentences imposed for the underlying offense (that caused the probation to be revoked) and the prior offense. In other words, the Saufua court believed that HRS § 706-606.5 permitted the sentencing court to impose a sentence on the underlying offense to run consecutive to that of the prior offense.
In this case, Kamanao's sodomy and rape convictions were part of his underlying offenses; *749 his prior offense concerned felony firearms violation, which  according to defense counsel at oral argument  was sentenced separate from and prior to the sentencing for the underlying offenses. Unlike Saufua, the issue in Kamanao's case involved solely the sentencing of the underlying offenses (not the sentencing of both the underlying and the prior offenses). I, therefore, believe that Saufua is distinguishable from, and inapplicable to, the instant case.
Based upon the foregoing, I join Justice Levinson's dissent to the extent that it concludes the circuit court erred in imposing consecutive indeterminate maximum terms of imprisonment. Further, to the extent that the majority and Justice Levinson appear to approve consecutive mandatory minimum sentencing for multiple counts arising from a single indictment, I disagree. Accordingly, I would vacate the ICA's January 3, 2008 judgment and the circuit court's October 16, 2006 amended judgment and remand this case to the circuit court for re-sentencing.
Dissenting Opinion by LEVINSON, J.
I disagree with the majority's conclusion that the circuit court correctly ordered the defendant-appellant-petitioner Andrew Kamana`o to serve the indeterminate maximum terms of his first degree rape and sodomy sentences consecutively, because, in my view, Hawai`i Revised Statutes (HRS) § 706-668(1) (1976) (repealed 1986) required that the terms be served concurrently. See majority opinion at ___ _ ___, ___ _ ___, 188 P.3d at 725, 730-37. In interpreting the statute, this court's "`foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.'" State v. Reis, 115 Hawai`i 79, 84, 165 P.3d 980, 985 (2007) (quoting State v. Koch, 107 Hawai`i 215, 220, 112 P.3d 69, 74 (2005)). Therefore, I begin my analysis with the plain language of HRS § 706-668 as it was written at the time of the incidents giving rise to Kamana`o's convictions. See HRS § 701-101 (1985). The statute, entitled "Concurrent and consecutive terms of imprisonment," provided in relevant part that, "when multiple sentences of imprisonment are imposed on a person at the same time ..., the sentence or sentences imposed by the court shall be served concurrently." HRS § 706-668(1). According to the commentary on HRS § 706-668, which this court may consult for guidance, see State v. Kaakimaka, 84 Hawai`i 280, 293, 933 P.2d 617, 630 (1997), the just-quoted provision "deprive[d] the [circuit] court of the power to mandate that the sentences imposed upon a defendant be served consecutively." Commentary on HRS § 706-668 (1976). In the present matter, Kamana`o's three sentences each carried an indeterminate maximum term of twenty years' imprisonment and were imposed at the same time. See HRS §§ 706-659 (1985), 707-730(2) (1985), 707-733(2) (1985). Consequently, HRS § 706-668(1) mandated that his three sentences run concurrently.
The circuit court did not, however, run all of the sentences concurrently. Instead, it ordered that the two rape sentences run concurrently with each other, but consecutively with the sodomy sentence. The majority accepts the position advanced by the plaintiff-appellee-respondent State of Hawai`i [hereinafter, "the prosecution"] that the circuit court had the authority to impose indeterminate maximum sentences consecutively pursuant to the plain language of HRS § 706-606.5 (1985), see majority opinion at ___ _ ___, 188 P.3d at 730-33, which was entitled "Sentencing of repeat offenders" and provided in relevant part:
(1) Notwithstanding [HRS § ]706-669 and any other law to the contrary, any person convicted under ... [HRS § ]707-730 relating to rape[ or HRS § ]707-733 relating to sodomy in the first degree ..., who has a prior conviction for any of the above enumerated offenses ..., within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without the possibility of parole during such period as follows:
(a) Second conviction-5 years;
....
(3) The sentencing court may impose the above sentences consecutive to any *750 other sentence then ... imposed on the defendant....
The majority essentially contends that the "sentences" referenced in paragraph (3) included the indeterminate maximum terms corresponding to each mandatory minimum. See majority opinion at ___ _ ___, 188 P.3d at 730-33.[1] However, this court has construed the "above sentences" as those located textually above paragraph (3), including the sentence set forth in paragraph (1), which called for "a mandatory minimum period of imprisonment without the possibility of parole," as well as the sentence prescribed by HRS § 706-606.5(2), which likewise required "a mandatory minimum period of imprisonment." See State v. Cornelio, 84 Hawai`i 476, 491, 935 P.2d 1021, 1036 (1997) (quoting HRS § 706-606.5(3) and modifying it to read that "`the sentencing court may impose the [mandatory minimum prison] sentences [prescribed therein] consecutive to any other sentence then ... imposed on the defendant'" (brackets and ellipsis in original)). Therefore, the language of HRS § 706-606.5(3) authorized the circuit court to impose consecutive mandatory minimum terms. It did not, by its terms, plainly permit the circuit court to order consecutive indeterminate maximum sentences, because the provisions found "above" that paragraph simply did not govern the imposition of indeterminate maximum terms. See Reis, 115 Hawai`i at 84, 165 P.3d at 985; see also State v. Plichta, 116 Hawai`i 200, 215, 172 P.3d 512, 527 (2007) (observing that a statute "should not be stretched beyond its terms").
Nevertheless, the majority asserts that HRS § 706-606.5(3) authorized the circuit court to impose consecutive maximum terms by implication. See majority opinion at ___ _ ___, 188 P.3d at 730-33. The majority observes that Kamana`o's mandatory minimum terms prescribed by HRS § 706-606.5 were subsumed within the statutorily mandated indeterminate maximum terms of imprisonment for rape and sodomy, see HRS §§ 706-659, 707-730(2), 707-733(2). See also majority opinion at ___ _ ___, 188 P.3d at 732-33; State v. Feliciano, 107 Hawai`i 469, 503, 115 P.3d 648, 682 (2005) (Acoba, J., dissenting) (explaining that a mandatory minimum sentence indicates "how [the defendant] must serve the initial part of his sentence"). The majority thus believes that, because HRS § 706-606.5(3) authorized consecutive mandatory minimum terms and because mandatory minimums were subsumed within Kamana`o's indeterminate maximum sentences, the statute implicitly empowered the circuit court to impose his indeterminate maximum sentences consecutively. See majority opinion at ___ _ ___, 188 P.3d at 732-35.
The majority is correct that this court's three-and-a-half page decision in State v. Saufua, 67 Haw. 616, 699 P.2d 988 (1985), supports its interpretation of HRS § 706-606.5(3). Majority opinion at ___ _ ___, 188 P.3d 736-37. In that case, the defendant was on probation for first degree robbery and burglary when he was convicted of second degree robbery. Saufua, 67 Haw. at 617, 699 P.2d at 989. Consequently, the prosecution moved for the revocation of the defendant's probation and the imposition of a mandatory minimum sentence under HRS § 706-606.5. Id. The circuit court revoked probation and sentenced the defendant to concurrent terms of twenty and ten years for the prior first degree robbery and burglary offenses and to a ten-year consecutive sentence for the second degree robbery offense. Id. The circuit court also sentenced the defendant to a three-year mandatory minimum term for the second degree robbery offense, which it ordered was to run consecutively to the ten-year indeterminate maximum term for the same offense. Id. Accordingly, the defendant was sentenced to a total of thirty-three *751 years of imprisonment. Id. at 617, 699 P.2d at 989-90. This court concluded that, although HRS § 706-606.5(3) did not authorize the circuit court to order that the defendant's mandatory minimum term for the second degree robbery offense run consecutively with the indeterminate maximum term for the same offense, id. at 617-19, 699 P.2d at 990-91, the statute did empower the circuit court to order that the indeterminate maximum term for the second degree robbery offense run consecutively with the indeterminate maximum term of the prior sentences for first degree robbery and burglary, id. at 619-20, 699 P.2d at 991. This court explained:
The mandatory minimum sentencing provisions are intended to apply to sentences imposed for the underlying subsequent conviction which triggered application of the statute. Logically, the required period of unparoled imprisonment is subsumed within the maximum sentence imposed for that offense.... The consecutive sentencing language of HRS § 706-606.5 necessarily must be read to allow the sentence on the underlying offense to be served consecutive to the sentence imposed for the prior offense or offenses.
Id. Accordingly, this court concluded that the circuit court had the authority, pursuant to HRS § 706-606.5(3), particularly the statute's "consecutive sentencing language," to set the indeterminate maximum of the second degree robbery sentence (i.e., "the sentence on the underlying offense") to run consecutively with the indeterminate maximum of the first degree robbery and burglary sentence (i.e., "the sentence imposed for the prior offense or offenses"). See id. It would follow from the logic of Saufua, then, that, in the present matter, HRS § 706-606.5(3) likewise authorized the circuit court to set Kamana`o's indeterminate maximum sentence for his sodomy conviction to run consecutively with his indeterminate maximum sentences for rape.
I do not, however, agree with the Saufua court's conclusion that HRS § 706-606.5(3) "necessarily must" be read to authorize the circuit court to impose indeterminate maximum sentences consecutively. See id. at 619-20, 699 P.2d at 991. The fundamental premise underlying Saufua's conclusion is that, because the statute allowed the circuit court to impose consecutive mandatory minimum terms, it "necessarily must" have empowered the court to order that the indeterminate maximum terms run consecutively as well. See id.; see also majority opinion at ___ _ ___, ___ _ ___, 188 P.3d at 732-33, 736-37. Although I agree that a mandatory minimum prison term is subsumed within an indeterminate maximum prison term, see Saufua, 67 Haw. at 619-20, 699 P.2d at 991; Feliciano, 107 Hawai`i at 503, 115 P.3d at 682 (Acoba, J., dissenting), it does not necessarily follow from the plain language of HRS § 706-606.5(3), or any other provision of the Hawai`i Penal Code, see HRS title 37, that a sentence's minimum and maximum terms must be served in the same fashion, whether concurrently or consecutively. No statutory provision imposes such a requirement, which is precisely why the circuit court had the discretion, conferred by HRS § 706-606.5(3), to order that the mandatory minimum terms of Kamana`o's two first degree rape convictions run consecutively, but was required by HRS § 706-668 to run the indeterminate maximum terms concurrently.[2] I therefore do not believe that this court is, or that the Saufua court was, at liberty to interpret HRS § 706-606.5(3) as implicitly authorizing the imposition of consecutive indeterminate maximum terms, because this court has an obligation to construe the plain meaning of the statute strictly. See State v. Aiwohi, 109 Hawai`i 115, 129, 123 P.3d 1210, 1224 (2005) ("[A] criminal statute `must be strictly construed *752 and ... it cannot be extended beyond the plain meaning of the terms found therein.'" (Quoting State v. Johnson, 50 Haw. 525, 526, 445 P.2d 36, 37 (1968).)). This court simply may not enlarge the breadth of HRS § 706-606.5(3) by implication. See Territory v. Shinohara, 42 Haw. 29, 35 (1957) ("`A penal statute cannot be extended by implication or construction.'" (Quoting Territory v. Ah Goon, 22 Haw. 31, 33 (1914).)).
The plain and unambiguous language of HRS § 706-606.5(3) speaks only to the imposition of consecutive mandatory minimum terms. Compare HRS § 706-606.5(3) with HRS §§ 706-606.5(1) and (2). It goes no further than that. As such, I believe that the Saufua court erred by construing the statute expansively to govern the imposition of consecutive indeterminate maximum prison terms and, consequently, I believe that there is a compelling justification for this court to overrule Saufua on that particular issue, see State v. Kekuewa, 114 Hawai`i 411, 419, 163 P.3d 1148, 1156 (2007) ("`[A] court should not depart from the doctrine of stare decisis without some compelling justification.'" (Quoting State v. Garcia, 96 Hawai`i 200, 206, 29 P.3d 919, 925 (2001).)). Putting Saufua aside, I would hold that the plain language of HRS § 706-606.5(3) authorized the circuit court to impose consecutive mandatory minimum terms, but not consecutive indeterminate maximum terms on Kamana`o.[3]
To be sure, as the majority observes, paragraph (a) of HRS § 706-606.5 provided that the statute applied "[n]otwithstanding [HRS § ]706-669 and any other law to the contrary." Majority opinion at ___ _ ___, 188 P.3d at 737-39. But, because HRS § 706-606.5, in my view, did not authorize consecutive indeterminate maximum terms, I do not believe that it was "contrary" to HRS § 706-668, which plainly required that the indeterminate maximum prison terms for Kamana`o's first degree rape and sodomy convictions run concurrently. Thus, the question in the present case stands in stark contrast to the issue in State v. Smith, 103 Hawai`i 228, 81 P.3d 408 (2003), on which the majority relies heavily, see majority opinion at ___ _ ___, 188 P.3d at 737-39. In that case, the defendant was convicted of promoting a dangerous drug in the third degree and unlawful use of drug paraphernalia. Id. at 229, 81 P.3d at 409. The defendant also had two prior convictions of second degree forgery and second degree theft. Id. at 231, 81 P.3d at 411. The prosecution moved for sentencing under the repeat offender statute, HRS § 706-606.5 (1993 & Supp.2002), which the circuit court granted. Id. The court sentenced the defendant to two concurrent five-year indeterminate maximum terms of imprisonment, subject to one one-year mandatory minimum term of imprisonment. Id. at 231-32, 81 P.3d at 411-12. On a motion for reconsideration, the defendant asserted that *753 the first-time drug offender sentencing statute, HRS § 706-622.5 (Supp.2002), trumped the repeat offender statute, such that she should have been sentenced to a five-year term of probation. Id. The circuit court denied the motion. Id. On appeal, this court explained that the "[n]otwithstanding [HRS § ]706-669 and any other law to the contrary" clause in HRS § 706-606.5(1) was broader in scope than the "[n]otwithstanding any penalty or sentencing provision under part IV of [HRS ch.] 712" directive in HRS § 706-622.5. Id. at 235, 81 P.3d at 414. Consequently, this court held that, "in all cases in which HRS § 706-606.5 is applicable, including those in which a defendant would otherwise be eligible for probation under HRS § 706-622.5, the circuit courts must sentence defendants pursuant to the provisions of HRS § 706-606.5." Id. Accordingly, this court concluded that the circuit court did not err in sentencing the defendant as a repeat offender pursuant to HRS § 706-606.5 instead of sentencing her to probation pursuant to HRS § 706-622.5. Id.
Unlike Smith, the issue in this case is not whether the HRS § 706-606.5 (1985) authorized the circuit court to impose a mandatory minimum term of imprisonment as opposed to a sentence of probation, see id., but, rather, whether the statute permitted the court to run indeterminate maximum terms of imprisonment consecutively.[4] From my perspective, the statute simply does not speak to that issue. Therefore, HRS § 706-606.5 was not "contrary" to HRS § 706-668, which unequivocally directed the circuit court to run Kamana`o's indeterminate maximum terms for his first degree rape and sodomy convictions concurrently. Accordingly, I would vacate Kamana`o's sentence, insofar as it orders that the indeterminate maximum prison term for his sodomy conviction run consecutive to his indeterminate maximum prison term for the rape convictions, and remand this case for further proceedings consistent with this opinion.
NOTES
[1] The SDO was issued by Presiding Judge Corinne K.A. Watanabe and Associate Judges Daniel R. Foley and Craig H. Nakamura.
[2] The Honorable Virginia Lea Crandall presided.
[3] All three terms were to run concurrently with any terms of imprisonment imposed in Cr. No. 52291.
[4] See infra note 7.
[5] See infra note 9.
[6] HRS § 706-659 was enacted in 1980. See 1980 Haw. Sess. L. Act 294, § 1, at 562. The 1993 version was in effect at the time of the incidents and stated as follows:

Sentence of imprisonment for class A felony. Notwithstanding sections 706-620 to 706-631, suspension of sentence and probation, and sections 706-605, 706-606, 706-606.5, 706-660.1, 706-661, 706-662, and any other law to the contrary, a person who has been convicted of a class A felony shall be sentenced to an indeterminate term of imprisonment of twenty years without possibility of suspension of sentence or probation. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.
(Boldfaced font in original.) (Emphases added.) The current statute is substantially the same as it was in 1993 except that HRS § 706-659 was amended in 1994
to allow the court to make an exception for a person convicted of a class A felony defined in chapter 712, part IV, [offenses related to drug and intoxicating compounds,] from the mandatory sentence of an indeterminate term of imprisonment without the possibility of suspension of sentence or probation[ ] . . . allowing judges some discretion in evaluating all appropriate sentencing and treatment alternatives available for drug offenders.
Commentary on HRS § 706-659 (Supp.2007) (citing Conference Committee Rep. No. 62, in 1994 House Journal at 808, 1994 Senate Journal at 724).
[7] Pertinent to this case, HRS § 706-606.5 was amended in 1981. See 1981 Haw. Sess. L. Act 69, § 1, at 102. The statute in effect at the time of the incidents applied through the 1985 version. That version stated in pertinent part as follows:

Sentencing of repeat offenders. (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted under section. . . 707-730 relating to rape in the first degree, 707-733 relating to sodomy in the first degree,. . . [or] 708-810 relating to burglary in the first degree . . ., who has a prior conviction for any of the above enumerated offenses or of any of those enumerated in subsection (2) in this or another jurisdiction, within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
(a) Second conviction  5 years;
(b) Third conviction  10 years.
(2) ... Section ... 134-9 relating to permits to carry....
(3) The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant or may impose a lesser mandatory minimum sentence without possibility of parole than that mandated by this section where the court finds that strong mitigating circumstances warrant such action. . . .
(Boldfaced font in original.) (Emphases added.) During Petitioner's January 4, 1984 sentencing hearing, the court took judicial notice that Petitioner had been previously convicted for "[c]arrying a [f]irearm on [p]erson [w]ithout [p]ermit or [l]icense pursuant to [s]ection 134-9" and Petitioner did not object. Amendments were made to the statute in 1986 "so that mandatory minimum terms of imprisonment are increased as the severity of the repeat offense increases. Thus the mandatory minimum term for a class A repeat offender is greater than that term for a class B repeat offender." Commentary on HRS § 706-606.5 (1993). In addition, convictions in other jurisdictions and other class C felonies were added to the list of felonies subject to repeat offender sentencing. The gist of the statute is substantially the same.
[8] The judgment filed on October 6, 2006 was amended on October 16, 2006. The October 6, 2006 judgment referred to Counts 1, 2, and 3 for the various police report numbers in the box entitled "REPORT NUMBER(S)." The October 16, 2006 amended judgment corrected those counts to Counts 6, 9, and 11.
[9] With respect to concurrent sentences, HRS § 706-668 (Special Pamphlet 1975), the version in effect at the time Petitioner committed the offenses, stated:

Concurrent and consecutive terms of imprisonment. (1) Except as provided in subsection (2), when multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall be served concurrently.
(2) If a person who is imprisoned in a correctional institution is convicted of a crime committed while he is imprisoned or during an escape from imprisonment, the maximum term of imprisonment authorized for the crime committed during imprisonment or during an escape from imprisonment may be added to the portion of the term which remained unserved at the time of the commission of the crime. For purposes of this section, escape is a crime committed during imprisonment.
(Boldfaced font in original.) (Emphases added.)
[10] HRS § 701-101 was enacted in 1972. See 1972 Haw. Sess. L. Act 9, § 1 at 32-33. The statute was reprinted in 1975 as a Special Pamphlet that contained Title 37, the Hawai`i Penal Code, and was in effect at the time of the incidents. That version stated as follows:

Applicability to offenses committed before the effective date. (1) Except as provided in subsections (2) and (3), this Code does not apply to offenses committed before its effective date. Prosecutions for offenses committed before the effective date are governed by the prior law, which is continued in effect for that purpose, as if this Code were not in force. For purposes of this section, an offense is committed before the effective date if any of the elements of the offense occurred before that date.
(2) In any case pending on or commenced after the effective date of this Code, involving an offense committed before that date:
(a) Upon the request of the defendant a defense or mitigation under this Code, whether specifically provided for herein or based upon the failure of the Code to define an applicable offense, shall apply; and
(b) Upon the request of the defendant and the approval of the court:
(i) Procedural provisions of this Code shall apply insofar as they are justly applicable; and
(ii) The court may impose a sentence or suspend imposition of a sentence under the provisions of this Code applicable to the offense and the offender.
(3) Provisions of this Code governing the release or discharge of prisoners, probationers, and parolees shall apply to persons under sentence for offenses committed before the effective date of this Code, except that the minimum or maximum period of their detention or supervision shall in no case be increased, nor shall the provisions of this Code affect the substantive or procedural validity of any judgment of conviction entered before the effective date of this Code, regardless of the fact that appeal time has not run or that an appeal is pending.
(Boldfaced font in original.)
In his Application Petitioner does not state to which particular provision he refers.
[11] HRS § 706-668 was repealed in 1986. See 1986 Haw. Sess. L. Act 314, § 46, at 614.
[12] See supra note 7.
[13] Justice Levinson's dissent argues that, with this proposition, we "essentially contend[] that the `sentences' referenced in paragraph (3) included the indeterminate maximum terms corresponding to each mandatory minimum." Levinson, J., dissenting at ___, 188 P.3d at 750. Relatedly, that dissent opines that "the language of HRS § 706-606.5(3) authorized [the court] to impose consecutive mandatory minimum terms. It did not, by its terms, plainly permit [the court] to order consecutive indeterminate maximum sentences, because the provisions found `above' that paragraphs simply did not govern the imposition of indeterminate maximum terms." Id. at ___, 188 P.3d at 750 citations omitted) (emphases in original).

However, the construction of HRS § 706-606.5(3) is not before this court, and therefore, is not addressed. It must be emphasized that our analysis is not concerned with "the above sentences" and our conclusion does not rely on that language.
[14] Additionally, assuming, arguendo, that HRS §§ 706-668 and -606.5 are irreconcilable, § 706-606.5 will control insofar as it is the more specific statute and should be given effect. Where there is a conflict between two statutes, this court has said, as noted above, that a specific statute controls over a general statute concerning a common matter. Richardson, 76 Hawai`i at 55, 868 P.2d at 1202; see also Kienker, 110 Hawai`i at 110, 129 P.3d at 1138 (noting that even "[a]ssuming, arguendo, that there is a plainly irreconcilable conflict between a general statute and a specific statute concerning the same subject matter, ... under rules of statutory construction, the specific statute, in this case, HRS § 663-10.9(4), would be given effect" (internal quotation marks and citation omitted)). Thus, HRS § 706-606.5, the specific statute, would govern Petitioner's sentence. Contrary to Petitioner's position, then, the general provisions of HRS § 706-668 would give way to the more specific provision of HRS § 706-606.5.
[15] Justice Levinson's dissent maintains that HRS § 706-668 and HRS § 706-606.5 were not contrary to each other because the former "plainly required that the indeterminate maximum prison terms of [Petitioner's] ... convictions run concurrently[,]" and the latter "did not authorize consecutive indeterminate maximum terms." Levinson, J., dissenting at ___, 188 P.3d at 752. With all due respect, this is unpersuasive.

Because we conclude that a mandatory minimum term is inherently part of the indeterminate maximum term of which it is a part, the two cannot be separated, and both of the two components must be served as part of one sentence. Inasmuch as HRS § 706-606.5 authorizes the imposition of consecutive mandatory minimum sentences, such sentences must be served as part of indeterminate maximum terms of imprisonment, and, accordingly, the indeterminate terms must run consecutively. Therefore, the prescription of consecutive indeterminate maximum terms is contrary to the general proscription against such indeterminate sentences running consecutively as required by HRS § 706-668.
[16] Justice Levinson's dissent takes issue with this portion of our analysis, positing that we hold "that HRS § 706-606.5(3) authorized [the court] to impose consecutive maximum terms by implication." Levinson, J., dissenting at ___, 188 P.3d at 750. To the contrary, we do not hold that HRS § 706-606.5(3) implicitly authorizes the imposition of consecutive indeterminate maximum terms of imprisonment. Rather, reading that statute in pari materia with the other sentencing provisions noted, and applying this court's precedent explaining the nature of the relationship inherent between minimum and maximum sentences, we conclude that mandatory minimum sentences are not separate sentences and therefore, cannot be divorced from the indeterminate maximum sentences of which they are a part. The statutes cannot be construed in isolation.
[17] Respectfully, to hold that mandatory minimum sentences exist independent of the maximum indeterminate sentence imposed, as Petitioner suggests, would be legally incorrect. See State v. Gomes, 117 Hawai`i 218, 232, 177 P.3d 928, 942 (2008) (interpreting HRS § 710-1070, a statute prohibiting bribery of a witness in a criminal case, in a manner that avoided "absurd interpretation of the express language of [the statute]"); Tauese v. State, Dep't of Labor & Indus. Relations, 113 Hawai`i 1, 31, 147 P.3d 785, 815 (2006) (holding that this court is "bound to construe statutes so as to avoid absurd results" (citation omitted)). The indeterminate maximum sentence allows the Hawai`i Paroling Authority (HPA) to exercise its discretion in deciding when a defendant should be released on parole. See HRS § 706-669(1) (Supp.1996) (requiring that for incarcerated prisoners serving "an indeterminate or an extended term of imprisonment, the [HPA] shall[ ] ... hold a hearing, and ... make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole"); HRS § 706-670(1) (Supp.2007) (stating that "[a] person sentenced to an indeterminate term of imprisonment shall receive an initial parole hearing at least one month before the expiration of the minimum term of imprisonment determined by the [HPA] pursuant to section 706-669[]" and that "[i]f parole is not granted at that time, additional hearings shall be held at twelve-month intervals or less until parole is granted or the maximum period of imprisonment expires[]")

Relatedly, as discussed previously, the mandatory minimum sentence sets how the first part of the defendant's indeterminate sentence is to be served. See Feliciano, 107 Hawai`i at 503, 115 P.3d at 682 (Acoba, J., dissenting). Essentially, the mandatory minimum term prohibits the HPA from exercising its discretion to release the defendant on parole for a set period of time. See id. (citing HRS § 706-656 (1993 & Supp.2004) (footnote omitted)). Because a mandatory minimum sentence is by definition incorporated into and, thus, is a part of the indeterminate maximum sentence, it would be legally incorrect to hold that mandatory minimum sentences exist independent of the indeterminate maximum sentences to which they are applied and would run separately from the indeterminate maximum sentences of which they are a part.
[18] The Chief Justice's dissent also criticizes reliance on Saufua. See Moon, C.J., dissenting at ___ _ ___, 188 P.3d at 747-48. According to him, "the Saufua court believed that HRS § 706-606.5 permitted the sentencing court to impose a sentence on the underlying offense to run consecutive[ly] to that of the prior offense." Id. at ___, 188 P.3d at 748 (emphases in original). However, the Chief Justice concludes that "Saufua is distinguishable from, and inapplicable to" this case because "[Petitioner's] case involves only the sentence for the underlying offense[.]" Id. at ___, 188 P.3d at 748. Respectfully, this misapprehends the degree to which reliance is placed on Saufua.

Relative to this matter, Saufua is cited because it implicitly approved of the imposition of consecutive indeterminate maximum sentences. To repeat, that court explained that, with respect to mandatory minimum sentences, "the required period of unparoled imprisonment[, i.e., the mandatory minimum term,] is subsumed within the maximum sentence[]" Saufua, 67 Haw. at 619, 699 P.2d at 991 (emphasis added). This supports the conclusion that mandatory minimum sentences cannot be severed from the indeterminate maximum sentences of which they are a part. The Saufua court went on to hold that the sentence imposed for the subsequent conviction could be run consecutively to the sentence imposed for the prior conviction under HRS § 706-606.5. Id.
Thus, Saufua had determined that the mandatory minimum and indeterminate maximum components of a sentence could not be separated. Under Saufua, the mandatory minimum sentence for the subsequent conviction can be run consecutively to the sentence for the prior conviction. Because that mandatory minimum is part of an indeterminate maximum sentence, the indeterminate maximum must be served in the same manner as the mandatory minimum. Thus, under Saufua, when the mandatory minimum sentence imposed for the subsequent conviction is ordered to be run consecutively to the sentence imposed for the prior conviction, it follows that the indeterminate maximum component of the sentence for the subsequent conviction would also run consecutively to the sentence for the prior conviction.
This court, via Saufua then, had previous to the instant case, affirmed that the indeterminate maximum sentences for separate convictions could run consecutively inasmuch as the mandatory minimums could not be treated as sentences separate from the indeterminate maximums to which they related. Because the mandatory minimums and indeterminate maximums imposed for individual counts comprising a subsequent conviction are similarly inseparable, it follows that indeterminate maximum sentences for the individual counts comprised in a single conviction must be imposed consecutively to each other where the corresponding mandatory minimums are also imposed consecutively to each other. In that way, Saufua, although not directly on point, is analogous and applicable to the instant case.
[19] Justice Levinson criticizes this reliance on Smith. Levinson, J., dissenting at ___ _ ___, 188 P.3d at 753. Respectfully, this misapprehends the importance attributed to that case, which we view as being analogous to the instant case. The gist of the dissent's criticism appears to be that Smith and its progeny did not address the precise question raised herein, i.e., whether HRS § 706-606.5(3) controls over HRS § 706-668 for purposes of sentencing Petitioner. See Levinson, J., dissenting at ___ _ ___, ___ n. 4, 188 P.3d at 753, n. 4. However, Smith, State v. Reis, 115 Hawai`i 79, 165 P.3d 980 (2007), and State v. Walker, 106 Hawai`i 1, 100 P.3d 595 (2004), are similar in that they raised questions of the relationship of HRS § 706-606.5(3) to other sentencing provisions. See discussion infra at ___ _ ___, 188 P.3d at 738. In that connection, this court held that HRS § 706-606.5(3) prevails over other sentencing provisions "in all cases[,]" Smith, 103 Hawai`i at 234, 81 P.3d at 414 (emphasis added), which manifestly includes the instant case.

Justice Levinson attempts to further distinguish these cases as "stand[ing] for the self-evident proposition that a defendant cannot be sentenced to probation and a mandatory minimum term of imprisonment at the same time," Levinson, J., dissenting at ___, n. 4, 188 P.3d at 753, n. 4, such that Smith and its progeny are not analogous to the instant case in any "meaningful way[,]" id. However, this argument is not persuasive inasmuch as it does not address the fact that, as in this case, this court in Smith and its progeny considered the role of HRS § 706-606.5 as part of the entire statutory sentencing scheme. Thus, Smith and its progeny are instructive on the issue now before us.
[20] HRS § 706-659, requiring that all class A felonies be subject to a maximum indeterminate twenty-year term of imprisonment, and HRS § 706-606.5, which involves sentencing for certain felonies, including rape and sodomy, provide that their provisions shall be effective "notwithstanding... any other law to the contrary." The preclusion of "suspension of sentence and probation" as sentencing options in the language of HRS § 706-659 is understandable in light of the requirement that an indeterminate prison term is mandated. However, it is unclear why HRS § 706-606.5 is expressly referred to in the "notwithstanding" clause of HRS § 706-659 inasmuch as HRS § 706-606.5 applies to concurrent and consecutive sentences, and would not appear to conflict with HRS § 706-659.
[21] The Chief Justice maintains that "resort to plain error is wholly unnecessary" because "[t]he question [of] whether [Petitioner's] consecutive indeterminate maximum terms was lawful is the precise issue before this court[.]" Moon, C.J., dissenting at ___ n. 4, 188 P.3d at 747 n. 4. Respectfully, the Chief Justice's dissent raises a theory of error not advanced by the parties. Specifically, his dissent maintains that the multiple counts/one conviction rule embodied in Tavares required that the indeterminate maximum sentences be run concurrently. As noted in the discussion supra, the parties did not argue that Petitioner's sentence violated Tavares. Thus, any violation of Tavares would have to be treated as plain error. However, as discussed infra, the sentences did not, in fact, violate Tavares insofar as Petitioner's convictions on all three counts were treated as his second conviction for purposes of repeat offender sentencing, i.e., the convictions on all three counts were treated as a single conviction.
[22] In their submissions to the ICA and to this court, the parties discuss Tavares for the proposition that conviction on a multicount indictment constitutes only a single "conviction" under HRS § 706-606.5, in light of the criticism of that case contained in Cornelio and Dudoit. In his Application, Petitioner maintained that, because the latter cases were decided after Petitioner committed the underlying offenses, the interpretation of HRS § 706-606.5 expressed in Tavares must control his sentencing. (Arguing that the court improperly "circumvent[ed] ... the Tavares holding" by relying on Cornelio and Dudoit, which "simply say Tavares should have been decided differently[.]") In this connection, Petitioner correctly explained that Tavares held "that convictions on several counts of an indictment are to be treated as one conviction for repeat offender purposes." However, Petitioner does not elaborate on the effect this rule should have on his sentence. In other words. Petitioner does not assert the position adopted by the Chief Justice's dissent.

On the other hand, Respondent argued that this court later corrected itself, "not[ing] that the correct `interpretation of the language of the statute is that a conviction on each count of an indictment represents a separate conviction for the purposes of adding up the number of convictions for sentencing.'" (Quoting Dudoit, 90 Hawai`i at 271-73, 978 P.2d at 709-11.) Thus, according to Respondent and contrary to Chief Justice Moon's position, the court was authorized to impose mandatory minimum sentences for each of the felony counts of which Petitioner was convicted.
However, in this context, Respondent's reliance on Dudoit is misplaced. Dudoit is distinguishable in that it interpreted a repeat offender statute, HRS § 706-906(5) (Supp.1997), with language markedly different from the language of HRS § 706-606.5. Specifically, the provisions at issue in Dudoit mandated specific prison terms for repeat offenses of that statute. Dudoit, 90 Hawai`i at 265, 978 P.2d at 703. The defendant in Dudoit argued that, pursuant to Tavares, "offenses" as used in HRS § 706-906(5) should be equated with "convictions" as defined in Tavares. Id. at 264, 978 P.2d at 702. This court rejected those arguments on the ground that (1) Tavares was distinguishable because it interpreted the term "conviction" as opposed to "offense," and (2) this court had repudiated the reasoning of Tavares in Cornelio, and would have overruled Tavares but for the legislative amendments that had essentially adopted the Tavares interpretation of "conviction." Id. at 272-73, 978 P.2d at 710-11. Inasmuch as the court in Dudoit expressly distinguished HRS § 706-906(5) and HRS § 706-606.5, that case cannot be relied upon in the instant case to interpret the latter statute.
In any event, it is evident that, at the time Petitioner committed the subsequent offenses, Tavares was precedent. However, as discussed herein, its application is more limited than the Chief Justice would hold. For purposes of calculating whether the subsequent conviction constituted Petitioner's second or third conviction for purposes of HRS § 706-606.5, Tavares dictates that the three felony counts, i.e., Counts VI, IX, and XI, are to be counted as a single conviction. On the other hand, contrary to the Chief Justice's position, Tavares does not impinge on the court's authority to impose a sentence that it deems appropriate for each separate count of the indictment on the grounds set forth infra.
The Chief Justice also quotes a lengthy passage from Cornelio in which the Tavares court is criticized for ignoring the plain and unambiguous language of the statute in "holding that convictions on several counts of an indictment are to be treated as only one conviction for the purposes of [HRS § ] 706-606.5(1)." Moon, C.J., dissenting at ___, 188 P.3d at 746 (quoting Cornelio, 84 Hawai`i at 491, 935 P.2d at 1036 (quoting Tavares, 63 Haw. at 511-12, 515, 630 P.2d at 635-37)) (internal quotation marks omitted). Nevertheless, he concedes that Cornelio did not expressly overrule Tavares because "the legislature, in 1986, had amended HRS § 706-606.5 subsequent to Tavares in a manner essentially consistent with that decision's approach to the statute[,]" implying that Cornelio otherwise would have overruled Tavares. Moon, C.J., dissenting at ___ _ ___, 188 P.3d at 746-47 (citing 1986 Haw. Sess. L. Act 314, § 17 at 600-02) (emphasis omitted).
[23] See e.g., Barnett v. State, 91 Hawai`i 20, 24, 979 P.2d 1046, 1050 (1999) (defendant was charged in a forty-count indictment, and pursuant to a plea agreement was "sentenced in Counts 1, 19, 21, 36, and 40 to five years in imprisonment... [a]nd on Counts 2, 9, 12, 16, 18, 25, 28, 31, 34 and 39, ... to ... life imprisonment" (emphases added)); State v. Opupele, 88 Hawai`i 433, 437, 967 P.2d 265, 269 (1998) (defendant was charged with two counts in a single indictment, found guilty of both, and "sentenced to twenty years incarceration on count one and five years on count two" (emphases added)); State v. Edwards, 81 Hawai`i 293, 296, 916 P.2d 703, 706 (1996) (defendant was charged in a six-count indictment, found guilty on all counts, and "sentenced to a term of imprisonment of twenty years on count one ... and to separate terms of life imprisonment for counts two through six" (emphases added)); State v. Yamada, 116 Hawai`i 422, 431, 173 P.3d 569, 578 (App.2007) (after defendant was convicted on a three-count indictment, the court "sentenced [him] to two twenty-year terms for Counts One and Three, and a ten-year term for Count Two" (emphases added)); State v. Fagaragan, 115 Hawai`i 364, 365, 167 P.3d 739, 740 (App.2007) (defendant was charged with three offenses in a single document, found guilty and sentenced to "two terms of twenty years (Counts One and Two), and one term of five years (Count Three)" (emphases added)); State v. Steger, 114 Hawai`i 162, 164, 158 P.3d 280, 282 (App.2006) (defendant "was charged by indictment with numerous drug and drug paraphernalia offenses[,]" found guilty, and was "sentenced to twenty years' imprisonment on Count 1, with a mandatory minimum term of five years; ten years' imprisonment on Count 3; five years' imprisonment on each of Counts 2, 4, 5, 6, 7, and 8" (emphases added)); State v. Keaweehu, 110 Hawai`i 129, 131, 129 P.3d 1157, 1159 (App. 2006) (defendant "was charged in an eleven-count indictment[,]" convicted of four offenses, and "sentenced on each of Counts 1 and 10 to a ten-year term of imprisonment ... [and] on Counts 2 and 11 to five-year terms of imprisonment" (emphases added)); State v. Martin, 103 Hawai`i 68, 70, 79 P.3d 686, 688 (App.2003) (after defendant was convicted on a two-count indictment, he was sentenced "to imprisonment for ten years on each count" (emphasis added)); State v. Mara, 102 Hawai`i 346, 348, 76 P.3d 589, 591 (App.2003) (after defendant pled guilty to all the charges contained in a three-count indictment, he was sentenced to "ten years' incarceration on Counts I and II and twenty years' incarceration on Count III" (emphases added)); State v. Vinuya, 96 Hawai`i 472, 476, 478, 32 P.3d 116, 120, 122 (App.2001) (defendant was charged in a multicount complaint, found guilty on five counts, and sentenced "to an extended indeterminate term of imprisonment of ten years on count one, a twenty-year indeterminate term of imprisonment with a mandatory minimum term of six years and eight months on count two, a ten-year indeterminate term of imprisonment on each of counts three and four, and a five-year indeterminate term of imprisonment on count five" (emphases added)); State v. Palabay, 9 Haw.App. 414, 420, 844 P.2d 1, 5 (1992) (defendant was charged in a seven-count indictment, convicted of all counts and "sentenced to prison for a term of twenty (20) years for Count 1, five (5) years each for Counts 2, 3, and 4, and thirty (30) days each for Counts 5, 6, and 7" (emphases added)).
[24] The version of the repeat offender sentencing statute construed in Cornelio provided, in pertinent part, that "[t]he sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior conviction, but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction ...." (Emphases added.)
[25] As noted previously, the 1986 revisions codified the holding in Tavares, see Cornelio, 84 Hawai`i at 492, 935 P.2d at 1037 (citing State v. Gaylord, 78 Hawai`i 127, 149, 890 P.2d 1167, 1189 (1995)), "that convictions on several counts of an indictment are to be treated as only one conviction for the purposes of section 706-606.5(1)[,]" id. at 491, 935 P.2d at 1036 (quoting Tavares, 63 Haw. at 511-15, 630 P.2d at 635-37).
[1] The 1980 version of HRS § 706-606.5 contained the same language as the 1985 version of the statute, which is applicable to Kamanao's case. Section 706-606.5 (1985) provided in pertinent part that:

(1) Notwithstanding ... any other law to the contrary, any person convicted under section... 707-730 relating to rape in the first degree, 707-733 relating to sodomy in the first degree,... who has a prior conviction for any of the above enumerated offenses or of any one of those enumerated in subsection (2) [ ] in this or another jurisdiction, within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
(a) Second conviction-5 years;
(b) Third conviction -10 years.
....
(3) The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant or may impose a lesser mandatory minimum sentence without possibility of parole than that mandated by this section where the court finds that strong mitigating circumstances warrant such action.
(Emphases added.)
[2] Moreover, as previously quoted, subsection 706-606.5(3) provided in pertinent part that:

The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant or may impose a lesser mandatory minimum sentence without possibility of parole than that mandated by this section where the court finds that strong mitigating circumstances warrant such action.
The legislature, however, renumbered subsection (3) of HRS § 706-606.5 to subsection (5) in the current version of the statute and amended it to read in pertinent part:
The sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior conviction, but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction.
HRS § 706-606.5(5).
[3] Cornelio involved, inter alia, the question "whether the sentencing court properly ran [the defendant's] mandatory minimum sentences imposed under HRS § 706-606.5 [(1993)] consecutively to each other[.]" 84 Hawai`i at 483, 935 P.2d at 1028 (internal quotation marks, ellipsis, and original brackets omitted). The Cornelio court held that the 1993 version of HRS § 706-606.5 "divests a sentencing court of the authority to impose consecutive mandatory minimum periods of imprisonment on a defendant convicted of multiple felony counts charged in the same indictment or complaint." Id. at 494, 935 P.2d at 1039. Such holding is consistent with Tavares' treatment of multiple counts in a single indictment.
[4] The majority criticizes my conclusion that the holding in Tavares was consistent with HRS § 706-668(1)'s mandate regarding concurrent indeterminate maximum sentences. Majority Op. at ___ _ ___, 188 P.3d at 739-41. Specifically, the majority states:

Initially, it must be noted that [Kamana`o] did not raise this issue to this court or to the ICA. Thus, it may only be considered under the doctrine of plain error.
However, the Chief Justice has not offered any basis for taking notice under the plain error rule. Moreover, because none of the parties raised plain error here or below[,] there is no discernible argument on this point for this court to review.
Majority Op. at ___ _ ___, 188 P.3d at 733-34 (citations and footnote omitted). The majority, however, misses the point. As stated previously, my discussion of Tavares is based upon my belief that its multiple counts/one conviction holding "underscores the correctness of Justice Levinson's position," Moon Dissenting Op. at ___, 188 P.3d at 734, and provides analogous support of my view that Kamanao's three indeterminate maximum twenty-year-imprisonment sentences should have been ordered to run concurrently. The question whether Kamanao's consecutive indeterminate maximum terms was lawful is the precise issue before this court and, therefore, resort to plain error is wholly unnecessary.
[5] To support its position that HRS §§ 706-668(1) and 706-606.5(3) "allow[ed] the imposition of consecutive indeterminate maximum sentences in conjunction with mandatory minimum sentences[,]" majority op. at ___ _ ___, 188 P.3d at 733-34, the majority hypothesizes-based upon its belief that HRS § 706-606.5(3) permitted consecutive mandatory minimum sentences-that,

if a defendant were sentenced to consecutive five year mandatory minimum terms on six Class A felony counts, the combined mandatory minimum term would be thirty years. However, the indeterminate maximum term for each individual Class A felony would be twenty years. Thus, if the indeterminate maximums were served concurrently, they would be shorter than the combined mandatory minimum terms.
Majority Op. at ___, 188 P.3d at 734. However, as discussed infra, the untenable result engendered by the above hypothetical would be avoided under the holding in Tavares and the plain reading of HRS § 706-606.5(3).
[1] The majority claims that it does not construe "the above sentences" language in HRS § 706-606.5(3) and that its analysis does not rely upon that language. Majority opinion at ___ n. 13, 188 P.3d at 731 n. 13. I find the majority's claim difficult to reconcile with its conclusion that HRS § 706-606.5 authorized the circuit court to impose indeterminate maximum sentences consecutively. See id. at ___ _ ___, ___ _ ___, 188 P.3d at 732-35. The only reference to consecutive sentencing in HRS § 706-606.5 was in paragraph (3), which specifically provided that "[t]he sentencing court may impose the above sentences consecutive to any other sentence then ... imposed on the defendant." The majority's conclusion that HRS § 706-606.5 empowered the circuit court to impose indeterminate maximum terms consecutively is therefore premised, at least implicitly, on the notion that "the above sentences" mentioned in paragraph (3) included indeterminate maximum terms of imprisonment.
[2] When I posed a hypothetical at oral argument, the deputy prosecuting attorney stated that HRS § 706-606.5 would not preclude the circuit court from running the mandatory minimum terms of two sentences for first degree sexual assault consecutively, while, at the same time, ordering the indeterminate maximum terms of the sentences to run concurrently. See MP3: Oral Argument, Hawai`i Supreme Court, at 48:20 to 48:53 (June 5, 2008), available at http://www.state.hi.us/jud/oa/08/SCOA_060508_28236.mp3/2-line.mp3. At that point, the author of the majority opinion astutely observed that, "[i]f you answer it that way, then haven't you conceded that your position is incorrect?" Id. at 48:54 to 49:01. Naturally, the prosecution did not think so. Id. at 49:01 to 49:03.
[3] Unlike the majority, I do not find it absurd to conclude that a statute that expressly authorizes the circuit court to impose consecutive mandatory minimum terms and that makes no mention of indeterminate maximum terms, see HRS § 706-606.5, does not permit the circuit court to impose consecutive indeterminate maximum terms by implication. See majority opinion at ___ n. 17, 188 P.3d at 733 n. 17. With respect to the majority's example of a defendant whose consecutive five-year mandatory minimum terms for six class A felonies would be greater than his twenty-year indeterminate maximum terms if the indeterminate maximum were run concurrently, see majority opinion at ___, 188 P.3d at 734, I believe that the example erroneously posits the possibility that a unified mandatory minimum might exceed the unified indeterminate maximum. In my view, the mandatory minimum must, by definition, be less than or equal to the maximum. See State v. Bernades, 71 Haw. 485, 488, 795 P.2d 842, 844 (1990) (explaining that the twenty-year indeterminate sentence set forth in HRS § 706-659 was the "maximum term" for Class A felonies); Webster's New International Dictionary 1517 (2d ed.1960) (defining "maximum" as "[t]he greatest quantity or value attainable in a given case"); Black's Law Dictionary 1394 (8th ed.2004) (defining a "maximum sentence" as "[t]he highest level of punishment provided by law for a particular crime"); cf. Williamson v. Hawai`i Paroling Auth., 97 Hawai`i 183, 191, 35 P.3d 210, 218 (2001) (holding that the Hawai`i Paroling Authority "has the authority to set a prisoner's minimum term at a period equal to his or her maximum sentence"). Consequently, a unified consecutive mandatory minimum sentence that might otherwise exceed a unified indeterminate maximum sentence would terminate at the end of the indeterminate maximum sentence. My interpretation of the HRS § 706-606.5 does not undermine legislative intent because the statute, which, by its express terms, only addressed consecutive mandatory minimum terms of imprisonment, does not govern the imposition of consecutive indeterminate maximum terms of imprisonment.
[4] The same distinction can be drawn between this case and Reis and State v. Walker, 106 Hawai`i 1, 100 P.3d 595 (2004), both of which are cited by the majority, see majority opinion at ___, 188 P.3d at 738. In those cases, this court held that HRS § 706-606.5, the repeat offender sentencing statute, took precedence over HRS § 706-622.5, the first-time drug offender sentencing statute. See Reis, 115 Hawai`i at 98, 165 P.3d at 999; Walker, 106 Hawai`i at 9-10, 100 P.3d at 603-04. Neither case addressed the question in this case, namely, whether HRS § 706-606.5 authorized the circuit court to impose consecutive indeterminate maximum sentences.

The "gist" of my criticism of the majority's reliance on Smith and its progeny is not simply that "Smith and its progeny did not address the precise question raised herein," majority opinion at ___ n. 19, 188 P.3d at 737 n. 19, but also that Smith and its progeny stand for the self-evident proposition that a defendant cannot be sentenced to probation and a mandatory minimum term of imprisonment at the same time, see Reis, 115 Hawai`i at 98, 165 P.3d at 999; Walker, 106 Hawai`i at 9-10, 100 P.3d at 603-04; Smith, 103 Hawai`i at 235, 81 P.3d at 414. Accordingly, in no meaningful way are Smith and its progeny "analogous" to the case at hand. See majority opinion at ___ n. 19, 188 P.3d at 737 n. 19.