**NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000936
22-OCT-2020
07:58 AM
Dkt. 29 MO**

NO. CAAP-18-0000936

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHRISTOPHER PARK, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAIʻI, Respondent-Appellee,


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-18-00016)
(ADLRO CASE NO. 18-03461)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Leonard and Chan, JJ.)

Petitioner-Appellant Christopher Park (**Park**) appeals from the "Decision and Order Affirming Administrative Order and Dismissing Appeal" (**Decision and Order**) filed by the District Court of the First Circuit (**District Court**)[1] on November 9, 2018. Park asserts that the District Court erred in affirming the administrative revocation of his driver's license by Respondent-Appellee Administrative Director of the Courts (**Director**) because the Director's written hearing decision was not timely rendered.

We disagree with Park that the Director's hearing decision was untimely, and therefore, we affirm the Decision and Order.

I.  **Background**

On August 15, 2018, Park was arrested for the offense of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) after he had been stopped while operating a moped.  On

---

[1]  The Honorable James S. Kawashima presided.

that date, Park was issued a Notice of Administrative Revocation (**Revocation Notice**).  As part of the administrative process for the revocation of Park's license, it is undisputed that an administrative hearing was held and concluded on Monday, October 1, 2018.  Thereafter, the Hearing Officer issued a Notice of Administrative Hearing Decision (**Notice of Hearing Decision**) and the Administrative Driver's License Revocation Hearing Decision (**Hearing Decision**), which upheld the revocation of Park's license as set forth in a prior Notice of Administrative Review Decision (**Review Decision**).  Both the Hearing Decision and the Notice of Hearing Decision were dated and mailed on October 9, 2018.

Park appealed to the District Court, which affirmed the administrative revocation of Park's license.

## II.  Discussion

Park contends that, based on the applicable statutes, the rendering of the written Hearing Decision was untimely, even though it was timely mailed to him.  This case turns on the interpretation of Hawaii Revised Statutes (**HRS**) §§ 291E-38(i) and 291E-46.  HRS § 291E-38(i) provides, in relevant part: "The director's decision <u>shall be rendered in writing and mailed to the respondent</u>, or to the parent or guardian of the respondent if the respondent is under the age of eighteen, <u>no later than five days after the hearing is concluded</u>."  (Emphasis added).

HRS § 291E-46, which governs the computation of time for HRS Chapter 291E, Part III (including HRS § 291E-38(i)), provides:

> The time in which any act provided in this part is to be done is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or state holiday, and then it also is excluded; <u>provided that if the last day for the **mailing** of decisions under sections 291E-37(a) and **291E-38(i)** is a federal holiday, it also is excluded</u>.

(Emphasis added).

As noted, Park's hearing was held and concluded on October 1, 2018.  Excluding Saturday and Sunday, the fifth day after Park's hearing was concluded fell on October 8, 2018, Columbus Day, which is a federal holiday, but not a state

2

holiday.[2]  The Director both rendered in writing and mailed the hearing decision to Park on October 9, 2018.

Park does not dispute that the Director mailed the hearing decision on time.  However, he contends the Director was one day late in rendering the written decision.  Park argues that: (1) HRS § 291E-38(i) imposes a deadline on both the acts of rendering in writing and mailing the hearing decision; (2) because October 8, 2018 was not a state holiday, HRS § 291E-46 did not exclude that day in computing the Director's deadline for rendering Park's hearing decision in writing; (3) therefore, the Director was one day late and violated HRS § 291E-38(i) when the Director rendered Park's hearing decision in writing on October 9, 2018.

Park's appeal appears to raise two questions regarding the interpretation of HRS §§ 291E-38(i) and 291E-46: (1) whether HRS § 291E-38(i) imposes a deadline on <u>both</u> the acts of <u>rendering in writing</u> and <u>mailing</u> the decision; and (2) if so, does HRS § 291E-46 exclude the last day for rendering the decision in writing under HRS § 291E-38(i) if that last day falls on Columbus Day.  We conclude we need only answer the first question to resolve this appeal.

We review questions of statutory interpretation *de novo*.  <u>Farmer v. Admin. Dir. of Court</u>, 94 Hawai'i 232, 236, 11 P.3d 457, 461 (2000).

> Moreover, where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning. When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.
>
> When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. Put differently, a statute is

---

[2]  Currently, Columbus Day is the only federal holiday that is not also a state holiday in Hawai'i.  <u>See</u> 5 U.S.C. § 6103(a) (listing federal holidays); HRS § 8-1 (listing state holidays).  Therefore, except for Columbus Day, the last day for any act with a deadline falling on a federal holiday would already be excluded by the provision in HRS § 291E-46 excluding the last day that falls on a state holiday.  In other words, the only time that the "provided" clause (**proviso**) in HRS § 291E-46 would be implicated is in a case like Park's, where the last day falls on Columbus Day.

> ambiguous if it is capable of being understood by reasonably well-informed people in two or more different senses.
>
> In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining the legislative intent. One avenue is the use of legislative history as an interpretive tool.

Id. at 236-37, 11 P.3d at 461-62 (citation omitted).  Further,

> It is a canon of construction that statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject.  Thus, laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another.

State v. Kamanao, 118 Hawaiʻi 210, 218, 188 P.3d 724, 732 (2008) (citations, quotation marks, brackets omitted).

As to the first question, under a plain reading of the language in HRS § 291E-38(i), it is possible to reasonably read it as applying the five-day deadline to both the acts of rendering in writing and mailing the decision, or only to the act of mailing the decision.  In this respect, HRS § 291E-38(i) is ambiguous.

It is clear from the composition of HRS § 291E-38(i) that the five-day deadline applies to the act of mailing the decision.  Therefore, the ultimate question becomes whether the five-day deadline also was intended to apply to the act of rendering the decision in writing for purposes of this case.  We conclude the five-day deadline is intended to apply to the mailing of the written decision, which means the decision must be written by the mailing deadline, and that the written decision in this case having been dated and mailed on October 9, 2018 was consistent with HRS §§ 291E-38(i) and 291E-46.

Considering the context of HRS §§ 291E-38(i) and 291E-46 *in pari materia* with other relevant provisions dealing with the administrative revocation process provides helpful guidance. In particular, the structure of the administrative process provides that respondents must take certain actions to challenge the revocation of their license within certain time frames of decisions being mailed, not the date of the written decisions.

HRS § 291E-37 addresses the initial administrative review of the issuance of a notice of administrative revocation and requires a "written review decision" to be mailed "to the respondent, or to the parent or guardian of the respondent if the respondent is under the age of eighteen" within different specified time periods, depending on whether the case involves an alcohol related offense or a drug related offense. See HRS § 291E-37(a). In turn, HRS § 291E-38(a) provides in relevant part: "If the director administratively revokes the respondent's license and privilege to operate a vehicle after the administrative review, the respondent may request an administrative hearing to review the decision within six days of the date the administrative review decision is **mailed**." (Emphasis added). Then, once an administrative hearing is held and the written decision is rendered and mailed, the structure of the process is that the respondent can seek judicial review by filing a petition in a district court within thirty days of the mailing of the hearing decision. Specifically, HRS § 291E-40 provides in pertinent part:

> If the director sustains the administrative revocation after an administrative hearing, the respondent, or parent or guardian of a respondent under the age of eighteen, may file a petition for judicial review within thirty days after the administrative hearing decision is **mailed**. The petition shall be filed with the clerk of the district court in the district in which the incident occurred and shall be accompanied by the required filing fee for civil actions.

(Emphasis added).

Given the manner in which the administrative revocation process is structured and the Legislature's clear intent that action by the respondent be triggered by the mailing of the administrative decisions, we conclude that the five-day deadline in HRS § 291E-38(i) applies to the mailing of the written decision, not the date by which the written decision needs to be rendered. Therefore, in this case, the five-day deadline for mailing the written Hearing Decision, under HRS § 291E-38(i), was extended pursuant to HRS § 291E-46 due to the federal Columbus Day holiday, and there was no violation of either provision in this case.

## III. Conclusion

For these reasons, we affirm the District Court's Decision and Order.

DATED:  Honolulu, Hawaiʻi, October 22, 2020.


On the briefs:                  /s/ Lisa M. Ginoza
                                        Chief Judge
Tae W. Kim,
for Petitioner-Appellant.      /s/ Katherine G. Leonard
                                          Associate Judge
Dawn E. Takeuchi-Apuna,
Deputy Attorney General,      /s/ Derrick H.M. Chan
for Respondent-Appellee.      Associate Judge